IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| WILLIAM THORPE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> VIRGINIA DEPARTMENT OF CORRECTIONS, *et al.*, <br><br> *Defendants*. | CASE NO. 2:20-cv-00007-JPJ-PMS |

**CLASS PLAINTIFFS' MOTION FOR LEAVE
TO FILE SURREPLY BRIEF IN RESPONSE TO DEFENDANTS'
<u>OBJECTIONS TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION</u>**

Pursuant to Local Civil Rule 11(c)(1), Class Plaintiffs respectfully seek leave to file a surreply brief in response to Defendants' Objections to the Magistrate Judge's Report and Recommendation.[1] This Court granted Defendants' Motion For Leave To File Reply Brief In Support Of Rule 72(B) Objections To Magistrate Judge's Report & Recommendations ("Defendants' Reply" or "Reply") on October 12, 2020 (W.D. Va. ECF No. 77). Because Defendants' Reply proffers novel arguments not presented to the Magistrate Judge or in Defendants' Objections, Class Plaintiffs respectfully request an opportunity to address these arguments to aid this Court's analysis. *See UFCW, Local 400 v. Kroger Mid-Atlantic*, No. DKC 14-3133, 2015 U.S. Dist. LEXIS 40808, at *4 (D. Md. Mar. 27, 2015) ("The court may permit a surreply when a party would not otherwise have an opportunity to respond to arguments raised for the first time in the opposing party's reply.").

---

[1] Class Plaintiffs will separately move this Court for leave to file a reply in support of their single Objection to the Magistrate Judge's Report and Recommendation.

Moreover, granting Class Plaintiffs' motion serves interests of procedural fairness, especially considering that Defendants' new objections, if accepted, would result in a final judgment on Class Plaintiffs' claims without the opportunity for rebuttal. *See Price v. Lynch*, No. 3:14-cv-619, 2015 U.S. Dist. LEXIS 124555, at *1 n.5 (E.D. Va. Sep. 17, 2015) (permitting plaintiff surreply "in the interest of justice, and after giving Defendant the opportunity to respond"); *Verizon S. v. Us Lec of N.C.*, No. 5:04-cv-732, 2005 U.S. Dist. LEXIS 58968, at *2-3 (E.D.N.C. Dec. 27, 2005) (permitting plaintiff surreply "[i]n the interest of completeness and justice").

Class Plaintiffs seek to address the following novel arguments raised by Defendants:

1. The Magistrate Judge erred in concluding that the individual Defendants are not entitled to qualified immunity because (i) her articulation of Class Plaintiffs' clearly established constitutional rights was too "general," regardless of whether the Magistrate Judge simply repeated how this Court and the Fourth Circuit articulated these rights in similar cases; and (ii) rather than following this Court's conclusion in *Latson I* that the defendants were not entitled to qualified immunity on conditions-of-confinement claims at the *pleading stage*, the Magistrate Judge should have applied *Latson II*, in which the Court subsequently ruled that the evidentiary record entitled the defendants to qualified immunity on *summary judgment*. Reply 11-12.

2. The Magistrate Judge erred in concluding that Class Plaintiffs stated a procedural due process claim because Class Plaintiffs allege that "at least some offenders . . . transition out of Security Level S" and therefore fail to establish a facial challenge. *Id.* at 5.

3. The Magistrate Judge erred in failing to take judicial notice of "court records directly related to the 1985 Settlement Agreement" in deciphering the Parties' intent as to whether the 1985 Settlement Agreement was conditioned on court approval and therefore vacated by the

Prison Litigation Reform Act ("PLRA"). *Compare id.* at 3, *with* R&R 68 (noting that "[w]here, as here, the language of the contract is ambiguous, vague or indefinite, the issue is one *for the trier of fact to decide* upon the evidence of the parties' intentions" (emphasis added)).

4. The Magistrate Judge erred in concluding that Defendant Virginia Department of Corrections ("VDOC") waived its sovereign immunity because the two assistant attorneys general who signed the Settlement Agreement only "represented the defendant prison officials" and not VDOC itself. Reply 3.

WHEREFORE, Class Plaintiffs respectfully request that the Court grant their motion for leave to file a surreply brief, and order that their proposed surreply brief, attached hereto as Exhibit 1, be deemed filed.

Dated: October 19, 2020

Respectfully submitted,

By: /s/ Alyson Cox Yates
Alyson Cox Yates (VSB No. 90646)
Daniel Levin (*pro hac*)
Kristen J. McAhren (*pro hac*)
Maxwell J. Kalmann (*pro hac*)
Timothy L. Wilson, Jr. (*pro hac*)
**WHITE & CASE**
701 Thirteenth Street, NW
Washington, DC 20005
T: (202) 626-3600
F: (202) 639-9355
alyson.cox@whitecase.com

Owen C. Pell (*pro hac*)
**WHITE & CASE**
1221 Avenue of the Americas
New York, New York 10020
(212) 819-8200

        Vishal Agraharkar (VSB No. 93265)
        Eden Heilman (VSB No. 93554)
        AMERICAN CIVIL LIBERTIES UNION
        FOUNDATION OF VIRGINIA
        701 E. Franklin St. Suite 1412
        Richmond, Virginia 23219
        (804) 644-8022
        vagraharkar@acluva.org
        eheilman@acluva.org

        *Counsel for Class Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

Dated: October 19, 2020

Respectfully submitted,

By: /s/ Alyson Cox Yates
Alyson Cox Yates (VSB No. 90646)
**WHITE & CASE**
701 Thirteenth Street, NW
Washington, DC 20005
T: (202) 626-3600
F: (202) 639-9355
alyson.cox@whitecase.com

*Counsel for Class Plaintiffs*