UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Big Stone Gap Division

|  |  |  |
|---|---|---|
| WILLIAM THORPE, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:20-cv-00007-JPJ-PMS |
| VIRGINIA DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' SURREPLY BRIEF IN FURTHER RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

Plaintiffs' Reply Brief in Support of Objection to the Magistrate Judge's Report & Recommendation ("Pls.' Reply," Dkt. 85) argues that the Magistrate Judge erred in recommending that the Court dismiss their breach-of-contract claim. For the reasons stated here and in Defendants' earlier opposition ("Defs.' Opp'n," Dkt. 74), the Magistrate Judge correctly determined that Plaintiffs' breach-of-contract claim accrued in 2012 and therefore is time-barred. The arguments raised by Plaintiffs in reply cannot rescue their claim, which the Court should dismiss.

To begin, the three points of law that Plaintiffs accuse Defendants of ignoring, *see* Pls.' Reply at 2, either support or fail to undermine Defendants' position. First, it is elementary that a breach-of-contract claim cannot predate the creation of a contractual obligation. But that is irrelevant—here, any contractual obligation arose with the 1985 Settlement Agreement, and no one is contending that a breach occurred before 1985. Second, while it is true that Defendants had

no contractual obligation in 2012 to the offenders in the putative class who only were placed in the Step-Down Program or IM Pathway in 2015 or later, the larger point (as Defendants have consistently maintained) is that their placement never created a contractual obligation, whenever it occurred. Third, the statute-of-limitations issue is not, as Plaintiffs say, "an issue for class certification," *id.*, because it is plain from the Complaint that Plaintiffs' breach-of-contract claim accrued in 2012 and is time-barred.

Plaintiffs next argue that the statute of limitations has not elapsed because VDOC acquired a contractual obligation based on the 1985 Settlement Agreement when each class member—whether or not a party to the agreement—was placed in the Step-Down Program or IM Pathway. That argument fails for at least four independently sufficient reasons. First, as to offenders who were not a party to the agreement, they have no contractual right on which to base a breach-of-contract claim. Second, the agreement prohibited adoption of a particular type of program rather than directed decisions about the placement of individual offenders in any particular program. Third, even if the placement of offenders could constitute a breach of the agreement, that is not what Plaintiffs have alleged. As Defendants have demonstrated, the Complaint alleges only that ***adoption*** of the Step-Down Program breached the agreement. *See* Defs.' Opp'n at 3. Plaintiffs attempt to remedy this pleading deficiency by pointing to allegations relating to ***other*** claims, Pl's Reply at 2 (citing Compl. ¶ 179), but the fact remains that their ***breach-of-contract claim*** concerns only the adoption of the Step-Down Program. Fourth, if accepted, Plaintiffs' argument would render the statute of limitations meaningless, because it would allow ***any*** future offender to raise a breach-of-contract claim by arguing that he obtained a contractual right under the settlement agreement when he entered the Step-Down Program.

Plaintiffs deny that the collective nature of their suit shows they are challenging only the adoption of the Step-Down Program, as Defendants have argued. They respond by arguing that most courts will not deny class certification where the statute-of-limitations defense depends on the facts of each plaintiff's case. Pls.' Reply at 4 (citing 4 *Newberg on Class Actions* §§ 4.56–57 (5th ed. 2012)). But Plaintiffs ignore that the Fourth Circuit **disagrees** with that approach, and has expressly held that the need for individualized determinations on the statute of limitations **will** prevent class certification. *See Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 438 (4th Cir. 2003) (explaining that "regardless of other courts' interpretations of Rule 23, we have flatly held that 'when the defendants' affirmative defenses . . . may depend on facts peculiar to each plaintiff's case, class certification is erroneous.' (quoting *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 342 (4th Cir. 1998)). The collective nature of Plaintiffs' suit thus confirms what is evident from their allegations: the only breach Plaintiffs allege is adoption of the Step-Down Program. Defs.' Opp'n at 3.[1]

It follows that Plaintiffs also are wrong that the statute-of-limitations issue should be decided at class certification. Because Plaintiffs' breach-of-contract claim challenges only the 2012 adoption of the Step-Down Program, this Court need not determine facts particular to any individual plaintiff's claims to apply the statute of limitation. That is because, even if the Court were to determine that certain Plaintiffs were parties to the 1985 Settlement Agreement, their claim challenging the adoption of the Step-Down Program as a breach of contract expired in 2017. For that reason, the application of the statute of limitation does not depend on facts particular to any

---

[1] For the first time, Plaintiffs raise in their reply a request for certification of a "Settlement Agreement subclass." Pls.' Reply at 4. The omission of such a subclass from the Complaint (which nonetheless proposes a different subclass, consisting of offenders with mental illness, Compl. ¶ 214) only further highlights that Plaintiffs' breach-of-contract claim is based solely on adoption of the Step-Down Program.

Plaintiff, and Plaintiffs' breach-of-contract claim may be dismissed as time-barred at the motion-to-dismiss stage.[2]

Finally, Plaintiffs assert that Defendants re-breached the 1985 Settlement Agreement when VDOC amended the policies governing the Step-Down Program in 2015 and 2017. Although the Complaint references these policy changes, it does not allege that they effectively re-issued the Program or that they breached the agreement. That pleading failure is reason enough to reject Plaintiffs' argument. In any event, their claims that the 2015 and 2017 policy changes breached the agreement, see Pls.' Reply at 6–8, fails on the substance. Plaintiffs say that VDOC amended its policy in 2017 "to emphasize that the ERT reviews the status of each IM inmate" and "decides whether to assign particular IM prisoners to the SM Pathway and allow them the opportunity to rejoin the general population." *Id.* at 6 (quoting Compl. Ex. 8 at 29–30). Similarly, they argue that, as a result of a 2015 amendment, the Building Management Committee has placed particular offenders in the IM Pathway. *Id.* at 7. But the focus of those arguments is on individual offender placement decisions—not the adoption of the Step-Down Program. Those amendments to policy amended an existing program – the Step-Down Program; they did not create new programs. As previously shown, the 1985 Settlement Agreement concerns adoption of a program, which is why that is the only breach Plaintiffs allege.

For these reasons, and those previously stated, the Court should dismiss Plaintiffs' breach-of-contract claim.

---

[2] In the event that this Court concludes Defendants' statute-of-limitations defense does depend on facts particular to each plaintiff's case, it should, consistent with Fourth Circuit precedent, deny class certification. *See Gunnells*, 348 F.3d at 438; *Broussard*, 155 F.3d at 342.

November 19, 2020

Mark R. Herring
*Attorney General of Virginia*

Margaret Hoehl O'Shea (VSB #66611)
Assistant Attorney General,
Criminal Justice & Public Safety Division

OFFICE OF THE ATTORNEY GENERAL
202 North Ninth Street
Richmond, VA 23219
Ph: (804) 786-2206 – Telephone
Fax: (804) 786-4239 – Facsimile
moshea@oag.state.va.us

Respectfully submitted,

/s/ *Maya M. Eckstein*
Maya M. Eckstein (VSB #41413)
Trevor S. Cox (VSB #78396)
HUNTON ANDREWS KURTH LLP
951 E. Byrd St.
Richmond, VA 23219
Ph: (804) 788-8200
Fax: (804) 788-8218
meckstein@HuntonAK.com
tcox@HuntonAK.com


*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By:     /s/ *Maya M. Eckstein*
        Maya M. Eckstein (VSB # 41413)
        Hunton Andrews Kurth LLP
        Riverfront Plaza, East Tower
        951 East Byrd Street
        Richmond, Virginia 23219-4074
        Telephone: (804) 788-8200
        Facsimile: (804) 788-8218
        meckstein@HuntonAK.com

        *Counsel for Defendants*