IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

WILLIAM THORPE, *et al.*,

     *Plaintiffs*,

  v.

VIRGINIA DEPARTMENT OF
CORRECTIONS, *et al.*,

     *Defendants*.

CASE NO. 2:20-cv-00007-JPJ-PMS

**CLASS PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION TO STAY**

  Defendants' motion to stay this entire case—based on the Individual Defendants' interlocutory appeal of this Court's denial of their qualified immunity to a portion of the claims against them—misrepresents the Complaint and applicable law. Qualified immunity is not a challenge to this Court's jurisdiction. It is a "personal immunity defense[]" from Class Plaintiffs' claims against the Individual Defendants in their *individual* capacities for money damages under § 1983. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Class Plaintiffs also seek injunctive relief, for the same constitutional violations, against the Individual Defendants in their official capacities under *Ex parte Young*. No matter how the Fourth Circuit rules on the Individual Defendants' appeal, Class Plaintiffs' official-capacity claims under the Eighth Amendment and Due Process Clause of the Fourteenth Amendment for injunctive relief will remain live. Defendants' motion to stay is simply an attempt to maintain the discovery embargo they have enforced since the beginning of this case and to prevent class certification of any claim. Even if Defendants' motion is denied (as it should be), and they are compelled to produce discovery, these dilatory tactics will have succeeded. At minimum, this Court will be required to adjust the deadlines for class-certification briefing.

Though Defendants argue that an interlocutory appeal of a qualified immunity ruling "automatically stays" the district court proceedings, no court has held so—let alone in a case like this one, where none of the plaintiffs' claims would be affected by the appeal. Mem. Supp. Defs.' Mot. Stay 2 (W.D. Va. June 22, 2021), ECF No. 106 ("Mot. Stay"). Every federal court of appeals and most district courts to consider such appeals in cases involving constitutional claims for monetary *and* equitable relief have held that the proceedings as to the claims seeking equitable relief must continue.

Instead, whether to grant a stay is a matter within this Court's discretion—and Defendants fail to show how the Individual Defendants would suffer any prejudice that could justify staying class-wide discovery in this case. Defendants speculate that VDOC employees might be deposed more than once on issues specific to money damages, or that the issues for class certification will be unclear, absent a stay. These are not real concerns: Class Plaintiffs' constitutional claims for injunctive relief, which are irrelevant to the Individual Defendants' appeal, will necessarily require discovery of the same facts, such as intent, required for monetary relief. Deposing the Individual Defendants (or taking document discovery) on these issues is inevitable, and non-defendant VDOC employees have no claim to qualified immunity from official-capacity claims—they are fact witnesses. And even if this Court cannot certify a monetary damages sub-class now, an injunctive-relief subclass would include all prisoners who could claim money damages. Following a decision on the Individual Defendants' appeal, this Court could simply amend the class definition to include a money-damages subclass. No new discovery would be required; and supplemental briefing, if any, would be limited.

The only prejudice at stake here would be suffered by Class Plaintiffs. As this Court held, the Complaint alleges that Class Plaintiffs suffer "shocking harms"—both physical and psychological—imposed by the Individual Defendants' unconstitutional administration of the Step-Down Program. A stay on these proceedings would only compound this prejudice and

2

hamper Class Plaintiffs' ability to obtain discovery supporting their motion for class certification. This Court should deny Defendants' motion.

## BACKGROUND

On May 6, 2019, Class Plaintiffs filed their Class Action Complaint against the Virginia Department of Corrections ("VDOC") and the Individual Defendants—Harold Clarke, Randall C. Mathena, H. Scott Richeson, A. David Robinson, Henry J. Ponton, Marcus Elam, Denise Malone, Steve Herrick, Tori Raiford, Jeffrey Kiser, and Carl Manis—in both their individual and official capacities. Class Action Compl. (E.D. Va. May 6, 2019), ECF No. 1. Class Plaintiffs' constitutional claims seek both (1) money damages from the Individual Defendants in their personal capacities under 42 U.S.C. § 1983; and (2) equitable (injunctive and declaratory) relief against the Individual Defendants in their official capacities under *Ex parte Young*, 209 U.S. 123 (1908). *Id.* ¶¶ 265-77. Class Plaintiffs also seek money damages and equitable relief to remedy Defendants' violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 and Rehabilitation Act ("RA"), 29 U.S.C. § 701. *Id.* ¶¶ 250-77.

Denying the Individual Defendants' motion to dismiss in part, this Court held that (1) qualified immunity does not insulate the Individual Defendants from personal damages liability under § 1983 for their constitutional violations; (2) the Complaint states claims for violations of the Eighth Amendment, Due Process Clause of the Fourteenth Amendment, and ADA and RA; and (3) the Complaint does not state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment. Op. & Order 12, 16, 20, 23 (W.D. Va. June 15, 2021), ECF No. 101 ("Op."). Class Plaintiffs conceded that no claim for monetary damages under § 1983 could lie against the Individual Defendants in their *official capacities* or against VDOC; the Court accordingly dismissed those claims. *See* Opp'n VDOC Mot. Dismiss 1 n.1 (E.D. Va. June 14, 2019), ECF No. 23; Op. 7; R. & R. 79 (W.D. Va. Sept. 4, 2020), ECF No. 70 ("plaintiffs' Response does not challenge" that the Individual Defendants and VDOC are not

3

"persons" under § 1983). But other than their arguments under Rule 12(b)(6), the Individual Defendants did not seek to dismiss Class Plaintiffs' official-capacity claims for equitable relief under *Ex parte Young*. Indiv. Defs' Mem. Supp. Mot. Dismiss 2 (E.D. Va. June 14, 2019), ECF No. 22. Nor did the Court dismiss those claims.

The Individual Defendants' interlocutory appeal concerns only the narrow legal question of whether Class Plaintiffs' constitutional rights were clearly established at the time of violation and whether the Individual Defendants should be personally liable for money damages. But Defendants argue that this *entire case* must be stayed pending the Individual Defendants' appeal.[1] Defendants' motion is the latest in a long line of their varied and vague justifications for halting the progress of this case. Since the parties' Rule 26(f) conference in November 2019, Defendants embargoed most of the relevant discovery in this case until this Court issued a decision on their motions to dismiss. They have opposed all depositions of VDOC employees, interrogatories concerning the merits, and requests for admissions. They have refused production of key records relevant to the creation and operation of the Step-Down Program, such as research and analysis that formed the basis of the Step-Down Program and prior similar programs, and emails and memoranda that could shed light on VDOC's decisions to amend aspects of the Program. They have also refused to produce most documents relevant to class certification, such as records and communications concerning decisions whether to retain a class member in solitary confinement or advance them in the Step-Down Program, medical records of class members, emails concerning class members, and emails and files of non-defendant VDOC employees at Red Onion and Wallens Ridge.

---

[1] Privately, Defendants appear to express less confidence in their position. On June 28, 2021, Defendants' counsel emailed counsel for Class Plaintiffs stating that Defendants are open to continuing discovery on the ADA and RA claims only. Class Plaintiffs have rejected this proposal for the reasons stated herein: Class Plaintiffs' constitutional claims will remain live regardless of how the Fourth Circuit rules on the Individual Defendants' appeal, and splitting discovery into multiple tracks will only further hinder the progress of this case.

Now that the Court has rendered its decision on the motions to dismiss, the discovery landscape is clear, and the Court has issued an Amended Scheduling Order (W.D. Va. June 16, 2021) (ECF No. 103) setting the deadline for Class Plaintiffs' class certification at 60 days from its order on the motions to dismiss (i.e., August 16, 2021). During the Court's May 25, 2021 Status Conference, Class Plaintiffs agreed that this deadline was reasonable assuming that Defendants produced the above discovery in a timely manner. Status Conf. Tr. 38 (W.D. Va. May 25, 2021).

## **ARGUMENT**

**I.     Defendants Are Not Entitled To An Automatic Stay Because Class Plaintiffs' Injunctive Relief Claims Will Proceed Regardless Of The Individual Defendants' Qualified-Immunity (Damages) Appeal**

The Individual Defendants argue that their appeal with respect to qualified immunity "requires a stay of the case as to . . . Plaintiffs' Due Process and Eighth Amendment claims" in their entirety. Mot. Stay 1. But the Individual Defendants' appeal relates only to Class Plaintiffs' entitlement to monetary damages under § 1983 against the Individual Defendants in their individual capacities. Class Plaintiffs also request equitable relief under *Ex parte Young* against the Individual Defendants in their official capacities; like the § 1983 claims, those claims also require Class Plaintiffs to prove "an ongoing violation of federal law" by the Individual Defendants. *Virginia Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (internal quotation marks omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution."). Put simply, the Individual Defendants' qualified-immunity appeal could only affect whether Class Plaintiffs receive monetary damages in addition to equitable relief. And regardless of the outcome on appeal, Class Plaintiffs' Eighth Amendment and Due Process claims will remain live.

In their motion to dismiss, the Individual Defendants raised qualified immunity as an affirmative defense to the § 1983 claims against them in their individual capacities alone. Indiv. Defs.' Mot. Dismiss 22. That comports with how the Supreme Court has described the qualified-immunity doctrine: It is a "personal immunity defense[]" to damages, not a defense to claims for equitable relief, and not a Rule 12(b)(1) challenge to the district court's jurisdiction. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see Nevada v. Hicks*, 533 U.S. 353, 373 (2001) (noting that "[t]here is no authority whatever for the proposition that absolute- and qualified-immunity defenses pertain to the court's jurisdiction"). And more importantly here, the Fourth Circuit has held that requests for equitable relief to remedy constitutional violations by state officers sued in their official capacities under *Ex parte Young* "are not affected by the defendants' immunities." *Roller v. Cavanaugh*, 984 F.2d 120, 122 (4th Cir. 1993) (concluding that even if defendants enjoyed qualified immunity, "prospective relief to stop unconstitutional practices by states is available in federal courts, *Ex parte Young*, 209 U.S. 123 (1908), [and] [plaintiff]'s claims for declaratory and injunctive relief are not affected by the defendants' immunities."); *Lefemine v. Wideman*, 672 F.3d 292, 303 (4th Cir. 2012) ("Claims for declaratory and injunctive relief are not affected by qualified immunity."). Or, as the Supreme Court stated, qualified immunity "is a right to immunity *from certain claims*, not from litigation in general," *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996), and is "not available" in "cases against individuals *where injunctive relief is sought* instead of or *in addition to damages*," *Pearson v. Callahan*, 555 U.S. 223, 242 (2009) (emphasis added); *see also Wall v. Wade*, 741 F.3d 492, 498 n.9 (4th Cir. 2014) ("[T]he doctrine of qualified immunity . . . 'has no application to suits for declaratory or injunctive relief.'" (citation omitted)).

Thus, this Court retains jurisdiction over Class Plaintiffs' Eighth Amendment and Due Process claims even though the Individual Defendants have appealed the denial of their

monetary-damages defense. "[I]nterlocutory review of a denial of qualified immunity does not automatically confer [on the court of appeals] jurisdiction over other issues in a case," *Livingston v. Kehagias*, 803 Fed. App'x 673, 686 n.5 (4th Cir. 2020), and the Fourth Circuit's review will be confined to the "narrow legal question" of whether the Individual Defendants should be liable for damages, *Williams v. Strickland*, 917 F.3d 763, 768 (4th Cir. 2019). In fact, consistent with the Fourth Circuit in *Livingston*, the leading case cited by the Individual Defendants undermines their request for a stay: In *Rivera-Torres v. Ortiz-Velez*, the First Circuit recognized that an interlocutory appeal only "divests the district court of control over those aspects of the case involved in the appeal." 341 F.3d 86, 93 (1st Cir. 2003) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). In taking up the Individual Defendants' appeal, the Fourth Circuit will not (and cannot) consider whether Class Plaintiffs have stated constitutional claims for equitable relief under *Ex parte Young*; this Court retains jurisdiction over those claims. The Individual Defendants' contention that "[e]very federal circuit to consider the question has held that a defendant's collateral-order appeal on the ground of immunity from suit . . . divests the district court of jurisdiction" is a non sequitur. Mot. Stay 3. *This* case centers on equitable remedies from which Individual Defendants *cannot* be immune—claims that the Fourth Circuit will not consider as part of the Individual Defendants' appeal.

Unsurprisingly, none of the authorities Defendants cite in support of their motion considers whether to stay proceedings pending an interlocutory qualified-immunity appeal in a case, like this one, where plaintiff seeks both monetary damages and equitable relief to remedy a constitutional claim.[2] Instead, Defendants attempt to cobble together a rule from

---

[2] *See Rivera-Torres v. Ortiz Velez*, 341 F.3d 86 (1st Cir. 2003); *Forsyth v. Kleindienst*, 700 F.2d 104 (3d Cir. 1983); *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989); *Johnson v. Hay*, 931 F.2d 456 (8th Cir. 1991); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Stewart v. Donges*, 915 F.2d 572, 579 (10th Cir. 1990). Some of the cases cited also did not involve a qualified-immunity defense at all. *See BancPass, Inc. v. Hwy. Toll Admin*,

inapposite cases. For example, *United States v. Modanlo*—a criminal case—considered whether the court possessed jurisdiction over appeals filed in the midst of trial, prior to judgment. 762 F.3d 403, 411 (4th Cir. 2014), *cited in* Mot. Stay 4. Others, including *Cloaninger*, *Gray-Hopkins*, *Pinion*, and *Adams*, were cases in which defendants' qualified-immunity defense could have resulted in dismissal of plaintiffs' constitutional claims. *See Cloaninger v. McDevitt*, 555 F.3d 324, 329 (4th Cir. 2009) (monetary-damages claims under § 1983 and state law against municipal police officers in their official and individual capacities); *Gray-Hopkins v. Prince George's Cty.*, 309 F.3d 224, 229 (4th Cir. 2002) (monetary-damages claims under § 1983 and state law against municipal police officers for killing of decedent); *O'Bar v. Pinion*, 953 F.2d 74, 76 (4th Cir. 1991) (monetary-damages claims against prison officials in their individual capacities under § 1983).

The plaintiff in *Adams v. Naphcare, Inc.*, No. 2:16-cv-229, 2017 U.S. Dist. LEXIS 232690 (E.D. Va. May 5, 2017), *cited in* Mot. Stay 5, did not seek injunctive relief for her constitutional claims, nor did she oppose a stay as to her constitutional claims. *Id.* at *4; *see* 246 F. Supp. 3d 1128, 1158 (E.D. Va. 2017) ("[T]his case does not involve a federal court's direct intrusion, by way of injunction, into the operation of a state agency . . . ."). And *Moffett* did not address defendants' entitlement to a stay pending appeal, only whether defendants could file an interlocutory appeal of the district court's decision to defer deciding their motion for summary judgment on the basis of qualified immunity. *See H.H. ex rel. H.F. v. Moffett*, 335 F. App'x 306, 312-13 (4th Cir. 2009) (holding that the court possessed jurisdiction to review the district court's deferral of a decision on defendants' qualified immunity).

The Individual Defendants ignore the fact that most federal courts to consider whether to stay proceedings in cases such as this—where the plaintiff seeks monetary *and* equitable

---

LLC, 863 F.3d 391 (5th Cir. 2017); *Williams v. Brooks*, 996 F.2d 728 (5th Cir. 1993); *Princz v. Fed. Republic of Germany*, 998 F.2d 1 (D.C. Cir. 1993).

relief for claims under federal law, and the defendant takes an interlocutory appeal pertaining to qualified immunity—have *refused* to grant the stay. *See R.F.J. v. Fla. Dep't of Children & Families*, No. 3:15-cv-1184, 2017 U.S. Dist. LEXIS 222944, at *4 (M.D. Fla. Feb. 24, 2017) (collecting cases). Courts, including within this Circuit, have consistently held that because qualified immunity "is totally immaterial" to injunctive-relief claims, "suspension of discovery proceedings on the equitable claims . . . only delays the case unnecessarily." *Lugo v. Alvarado*, 819 F.2d 5, 7 (1st Cir. 1987); *Alice L. v. Dusek*, 492 F.3d 563, 565 (5th Cir. 2007) (denying defendant's request for stay because "[t]o the extent that [defendant] is subject to discovery requests on claims for which she does not or cannot assert qualified immunity, such discovery requests do not implicate her right to qualified immunity"); *see also McLaurin v. Morton*, 48 F.3d 944, 949 (6th Cir. 1995) ("We have permitted appeal of qualified immunity issues when other claims to which qualified immunity was not a defense remained pending in the district court."); *Green v. Brantley*, 941 F.2d 1146, 1149 (11th Cir. 1991) (recognizing that, in taking an interlocutory appeal of a denial of "qualified immunity on one civil rights issue," the defendant still "goes to trial on a separate issue . . . for which the defendant official has no immunity" and that "discovery can be limited to the issue for which the defendant official has no immunity"). The Second Circuit has expressly noted the agreement of the federal circuits that "when a plaintiff files suit against a state official in his personal capacity for money damages, and in his official capacity for injunctive relief, an appellate court has jurisdiction to hear the defendant's appeal from the denial of a motion for summary judgment on the ground of qualified immunity with respect to the claim for damages, *even though the defendant will nevertheless have to proceed to trial on the claim for injunctive relief*." *Musso v. Hourigan*, 836 F.2d 736, 742 n.1 (2d Cir. 1988) (emphasis added).

At bottom, the Individual Defendants have not pointed to any authority suggesting that their interlocutory appeal of this Court's denial of qualified immunity "automatically stays"

these proceedings.  Mot. Stay 2.  They cannot do so because every federal court of appeals and most district courts to consider such appeals in cases involving constitutional claims for monetary *and* equitable relief have held that the proceedings must continue with respect to the equitable claims.  So too should this Court.

**II.    Defendants Identify No Prejudice If This Case Proceeds, Much Less "Clear And Convincing Circumstances" That Outweigh Irreparable Injury To Class Plaintiffs**

This Court's decision whether to grant a stay pending an interlocutory appeal is not "automatic[]," as Defendants argue.  Mot. Stay 2.  The decision relies on several factors: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party."  *Settle v. Stepp*, No. 2:18-cv-01177, 2020 U.S. Dist. LEXIS 248065, at *3 (S.D. W. Va. Oct. 14, 2020) (quoting *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 462 (S.D. W. Va. 2013)).  Defendants must justify their request for a stay "by clear and convincing circumstances outweighing potential harm to the party against whom it is operative."  *United States v. Taylor*, No. 7:12-CR-00043, 2017 U.S. Dist. LEXIS 123560, at *11 (W.D. Va. Aug. 4, 2017) (quoting *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)).  The same standard would apply to a qualified-immunity appeal.  *See Crawford-El v. Britton*, 523 U.S. 574, 598-600 (1998) (noting trial courts can structure discovery to protect officials from "unnecessary and burdensome discovery"); *Waid v. Early (In re Flint Water Cases)*, 960 F.3d 820, 828-29 (6th Cir. 2020) (denying stay sought on the basis of qualified immunity where defendants failed to establish irreparable harm absent such a stay).

Defendants identify no prejudice or case-management challenges that would arise if this case progresses in tandem with the Individual Defendants' appeal, let alone circumstances requiring a blanket stay.  The opposite is true:  A stay would only needlessly prolong inevitable discovery and class-certification briefing.  Class Plaintiffs' Eighth Amendment and Due Process claims remain, and discovery on the merits of those claims will occur regardless of

10

whether monetary damages are an available remedy.  *See Alice L.*, 492 F.3d at 565 (denying defendant's request for stay because, *inter alia*, "[t]o the extent that [defendant] is subject to discovery requests on claims for which she does not or cannot assert qualified immunity, such discovery requests do not implicate her right to qualified immunity").  The only possible prejudice that Defendants identify is the "risk that [Class] Plaintiffs will seek to depose the Individual Defendants and at least some VDOC personnel multiple times" if the Fourth Circuit affirms this Court's order denying qualified immunity.  Mot. Stay 6.  But Class Plaintiffs would be required to probe issues relevant to compensatory and punitive damages, such as the Individual Defendants' intent and knowledge, and gravity of Class Plaintiffs' injuries, as part of discovery on their Eighth Amendment and ADA/RA claims.  *See* Op. 19-20, 26-27 (holding Complaint states a claim for Eighth Amendment and ADA/RA claims).  The Court could deal with any issues of allegedly repetitive depositions if and when they arise.  Further, non-defendant VDOC staff are "non-party fact witnesses" for Class Plaintiffs' money-damages claims; and they are not entitled to invoke qualified immunity from injunctive-relief claims.  *See In re Flint Water Cases*, 960 F.3d at 826.  Put simply, "[t]he discovery at issue is not only suitably tailored to the situation, but also inevitable." *Id.* at 828.

Even if this Court lacked jurisdiction to certify a § 1983 money damages subclass until the appeal resolves, it would possess jurisdiction to certify an injunction and declaratory relief subclass, which would include past, present, and future victims of the Step-Down Program. *See Livingston*, 803 Fed. App'x at 686 n.5 ("[I]nterlocutory review of a denial of qualified immunity does not automatically confer [on the court of appeals] jurisdiction over other issues in a case."); *Wall*, 741 F.3d at 497-98 (vacating dismissal of prisoner's equitable claims because prison officials merely voluntarily ceased the challenged practices).  Because this subclass would necessarily include prisoners who have money-damages claims, the Court could later simply amend the class definition under Rule 23(c)(1)(C) to create a money-damages subclass.

11

The Individual Defendants' speculative concern that they might be required to sit for more than one deposition (Mot. Stay 6) pales in comparison to the well-documented harms that Defendants continually inflict upon Class Plaintiffs every day that the Step-Down Program remains in effect.  *See In re Flint Water Cases*, 960 F.3d at 828-29 (denying motion to stay pending appeal where plaintiffs "alleged ongoing serious health injuries" such that "the progress of the litigation has a real effect on plaintiffs' ability to secure a meaningful remedy").

## CONCLUSION

For the foregoing reasons, the Court should deny the Individual Defendants' motion for a stay and require the parties to confer on further amendments to the June 16, 2021 Amended Scheduling Order.

Dated: July 6, 2021                                    Respectfully submitted:

/s/ *Tara Lee*
Tara Lee (VSB No. 71594)
Daniel Levin (*pro hac*)
Kristen J. McAhren (*pro hac*)
Maxwell J. Kalmann (*pro hac*)
Timothy L. Wilson, Jr. (*pro hac*)
Alyson Cox Yates (VSB No. 906460)
**WHITE & CASE** LLP
701 Thirteenth Street, NW
Washington, DC  20005
T: (202) 626-3600
F: (202) 639-9355
tara.lee@whitecase.com

Vishal Agraharkar (VSB No. 93265)
Eden Heilman (VSB No. 93554)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF VIRGINIA
701 E. Franklin St., Suite 1412
Richmond, Virginia 23219
(804) 644-8022
vagraharkar@acluva.org
eheilman@acluva.org

*Counsel for Class Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2021, I electronically filed the foregoing Class Plaintiffs' Opposition to Defendants' Motion to Stay with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Margaret Hoehl O'Shea, AAG, VSB #66611
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2206
moshea@oag.state.va.us

Maya M. Eckstein, VSB #41413
Trevor S. Cox, VSB #78396
Hunton Andrews Kurth LLP
951 E. Byrd St.
Richmond, VA 23219
(804) 788-8200
meckstein@HuntonAK.com
tcox@HuntonAK.com

Attorneys for named Defendants

*/s/ Tara Lee*
Tara M. Lee (VSB No. 71594)
**WHITE & CASE** LLP
701 Thirteenth Street, NW
Washington, DC  20005
T: (202) 626-3600
F: (202) 639-9355
tara.lee@whitecase.com