IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

WILLIAM THORPE, *et al.*,

          *Plaintiffs*,

    v.

VIRGINIA DEPARTMENT OF
CORRECTIONS, *et al.*,

          *Defendants*.

Civil Case No. 2:20-cv-00007-JPJ-PMS

**PLAINTIFFS' MOTION TO TEMPORARILY FILE UNDER SEAL
PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION AND CERTAIN EXHIBITS THERTO**

Plaintiffs move the Court, under W.D. Va. Gen. R. 9, for an order allowing them to (1) temporarily file under seal Plaintiffs' Memorandum of Law in Support of Motion for Class Certification, as well as Exhibits 3, 7, 17, 18, 50, 53, 54 and 56 thereto, and (2) unseal the same once the Court's review of these materials is complete.

Defendants designated the documents attached as Exhibits 3, 7, 50, 53, 54 and 56 to Plaintiffs' Memorandum of Law as "Confidential" pursuant to the Protective Order in this case. *See* ECF No. 62. Accordingly, Plaintiffs request permission to temporarily file these documents under seal in order to comply with their obligations under the Protective Order. *See* ECF No. 62 at ¶ 16 ("Any party seeking to file any paper with the court, which incorporates any Confidential Materials or Highly Confidential Attorneys' Eyes Only Materials . . . shall first make an application to the court for permission to file under seal those portions of the papers."); *see also Bhattacharya v. Murray*, Civil Action No. 3:19-CV-54-NKM-JCH, 2021 U.S. Dist. LEXIS 222996, at *3 (W.D. Va. Nov. 12, 2021) (granting, in part, motion to seal due to the courts finding that "filing Exhibits A through G under seal is necessary to comply with the Stipulated Protective Order").

For the reasons set forth below, Plaintiffs do not believe that these materials (or any references to them) require sealing. Therefore, Plaintiffs request that this Court unseal the Memorandum of Law and Exhibits 3, 7, 17, 18, 50, 53, 54 and 56 thereto after it has reviewed these materials.

Exhibits 3 and 7 are two versions of the Virginia Department of Corrections' Restrictive Housing Reduction Step-Down Program manual (the "Step-Down Manual"), dated February 2020 and August 2012, respectively. Defendants' production stamped both of these versions of the Step-Down Manual as "confidential." However, the 2014, 2015, and 2017 versions of the Step-Down Manual are already public and filed on the docket. *See* Exs. 8, 10 and 11 to Plaintiffs' Complaint, ECF No. 1. All of the versions of the Step-Down Manual are nearly identical to one another and only contain discrete differences when some of the Step-Down Program's policies changed overtime. There is no reason for some of the versions of the Step-Down Manual to be sealed while others are public on the docket. *See Hanwha Azdel, Inc. v. C&D Zodiac, Inc.*, No. 6:12-cv-00023, 2013 WL 12314517, at *2 (W.D. Va. Aug. 7, 2013) (granting motion to seal "confidential and proprietary commercial information" that was "*not generally available to the public*" and was "not relevant to any public matters of importance") (emphasis added).

Exhibit 53 is a Virginia Department of Corrections Institutional Classification Authority form produced to Plaintiffs with a "confidential" stamp, presumably because it concerns a prisoner who is not a party to the above-captioned action. However, a viable alternative to sealing the entire document exists: this document could be filed on the docket with the prisoner's name and Department of Corrections identifying number redacted. *E.g. Stephens v. County of Albemarle*, 422 F. Supp. 2d 640, 643 (2006) ("[A] court must consider less drastic alternatives to sealing and, if the court decides to seal the document, must state the reasons for its decision supported by

specific findings and the reasons for rejecting the alternatives.") (citation omitted).  Plaintiffs' filing includes an unredacted version of this exhibit, and a version containing proposed redactions.

Exhibits 50 and 54 are two versions of the Red Onion State Prison Segregation Reduction Step Down Plan Annual External Team Review Project Overview (the "External Team Review"), and were produced to Plaintiffs bearing a "confidential" stamp.  These documents summarize the Department of Corrections' stated reasoning for placing non-party prisoners in the Step-Down Program, including confidential institutional charges and street charges for each of these prisoners.  Nevertheless, a viable alternative to sealing the entire documents exists:  the names (column 2) and DOC ID numbers (column 3) of the prisoners can be redacted to anonymize the documents.  In fact, Plaintiffs' filing contains three additional versions of the External Team Review that are redacted in that way and which are not stamped confidential.  *See* Exs. 47, 48 and 49.  Plaintiffs' filing includes unredacted versions of these exhibits, and versions containing proposed redactions.

Exhibit 56 is an excerpt of Defendants' Objections and Answers to Plaintiffs' First Set Of Interrogatories.  Defendants designated portions of these excerpts as "Highly Confidential Attorneys' Eyes Only" under the Protective Order because Defendants' answers to Interrogatories Nos. 1, 5, and 6 list the names and DOC ID numbers of prisoners who suffer from a Disability based on a mental impairment, prisoners who suffer from a  Serious Mental Illnesses, and prisoners who spent time in a mental health unit operated by VDOC.  Nevertheless, a viable alternative to sealing the entire document exists:  the names and DOC ID numbers of the prisoners can be redacted to anonymize the documents.  Plaintiffs' filing includes an unredacted version of this exhibit, and a version containing proposed redactions.

Plaintiffs' Memorandum of Law and expert reports—Exhibits 17 and 18—quote and cite to the above-referenced exhibits.  For this reason, Plaintiffs are filing their Memorandum of Law

and expert reports under seal, pending this Court's determination as to whether and which exhibits can be unsealed, at which time Plaintiffs will file the Memorandum of Law and expert reports on the docket with any applicable redactions.

As required by W.D. Va. Gen. R. 9(b)(2), Plaintiffs are tendering their Memorandum of Law in Support of Motion for Class Certification and Exhibits thereto to the Court for review when considering this motion, and a proposed order is attached for the Court's consideration.

Dated: June 20, 2022                                      Respectfully submitted,

*/s/ Tara M. Lee*
Tara M. Lee (VSB No. 71594)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
tara.lee@whitecase.com

*Counsel for Class Plaintiffs*

AMERICAS 114626004