**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION**

WILLIAM THORPE, *et al.*,

        *Plaintiffs*,

    v.

VIRGINIA DEPARTMENT OF
CORRECTIONS, *et al.*,

        *Defendants*.

CASE NO. 2:20-cv-00007-JPJ-PMS

## DEFENDANTS' MOTION TO FILE UNDER SEAL DEFENDANTS' BRIEF IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION AND CERTAIN EXHIBITS THERETO

Defendants move the Court, under Local Rule 9 and the Stipulated Protective Order ("Protective Order") (ECF No. 62), for an order allowing them to file under seal (i) the unredacted version of Defendants' Memorandum of Law in Opposition to Motion for Class Certification, and (ii) Exhibits 2, 3, 10, 12, 18, 19, 20, 21, 22, 23, 25, 27, 29, 30, and 31 thereto.

The Protective Order recognized that some materials produced in this case are "not lawfully available to the public and, if disseminated to the public, would jeopardize the imminent safety or security of a person or prison." Protective Order at 3. The Protective Order further recognized that some materials produced in this case contain personal, sensitive and confidential information" that should be kept confidential. *Id*. at 2. Portions of Defendants' brief, as well as the exhibits listed above, contain such confidential information.

The Court should seal documents when a party or non-party's interest in keeping the information contained therein confidential outweighs the right of public access to judicial documents. *See e.g.*, *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 f.2d. 178 (4th Cir. 1988);

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). The materials listed above satisfy this requirement.

Exhibit 2 has been designated as "Confidential Material" under the terms of the Protective Order because it is an operating procedure containing sensitive information pertaining to the security, programming, and management of VDOC inmates in the Step-Down Program.

Exhibit 3 is the Declaration of Randall Mathena, former warden of Red Onion. Mr. Mathena's Declaration contains information and material that has been designated Confidential, including sensitive information regarding the management of the Step-Down Program and a photograph taken within a secure area of Red Onion.

Exhibits 10 and 25 relate to the disciplinary record of a certain named Plaintiff and a criminal investigation report prepared by the Massachusetts Department of Corrections in response to an assault committed by that Plaintiff. These documents are Confidential under the terms of the Protective Order because they contain the names and personally identifiable information of inmates who are not plaintiffs to this action.

Exhibits 12, 21, 23, 27, 29, 30, and 31 are excerpts from the Step-Down Program's External Review Team Bi-Annual Reviews of offenders within the Step-Down Program. The information contained within these excerpts are Confidential under the terms of the Protective Order, because they contain personally-identifiable information about both the named Plaintiffs and other inmates within VDOC's custody—including information about inmates' mental health status and disciplinary records.

Exhibits 18, 19, and 20 are materials outlining and reporting on VDOC's Secure Diversionary Treatment Program for inmates with serious mental illnesses. These materials are

Confidential under the terms of the Protective Order because they contain sensitive information relating to the security and management of inmates with serious mental illnesses.

Exhibit 22 is an excerpt of data from a spreadsheet of inmates who have been managed at Security Level "S" since the implementation of the Step-Down Program. This information is confidential under the terms of the Protective Order because it contains personally-identifiable information about non-Plaintiff inmates within VDOC's custody.

Defendants' Memorandum of Law quotes and cites to the above-referenced exhibits. Sealing this material is appropriate because documents should be sealed when a party's interest in keeping the information contained therein confidential outweighs the right of public access to judicial documents. *See e.g.*, *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 f.2d. 178 (4th Cir. 1988); *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

Defendants respectfully request that the above-referenced materials and the Memorandum of Law be filed under seal and remain under seal indefinitely in the absence of a court ruling that the material is not confidential. As required by Local Rule 9(b)(2), Defendants are tendering their Memorandum of Law in Opposition to the Motion for Class Certification and Exhibits thereto to the Court for review when considering this motion, and a proposed order granting this Motion to seal is attached for the Court's consideration.

August 26, 2022                                Respectfully submitted,

                                               **/s/ *Maya M. Eckstein***

Jason S. Miyares
*Attorney General of Virginia*

Margaret Hoehl O'Shea (VSB #66611)
Assistant Attorney General,
Criminal Justice & Public Safety Division

OFFICE OF THE ATTORNEY GENERAL
202 North Ninth Street
Richmond, VA 23219
Ph: (804) 786-2206
Fax: (804) 786-4239Facsimile
moshea@oag.state.va.us

Maya M. Eckstein (VSB #41413)
Thomas R. Waskom (VSB #68761)
Trevor S. Cox (VSB #78396)
R. Dennis Fairbanks (VSB #90435)

HUNTON ANDREWS KURTH LLP
951 E. Byrd St.
Richmond, VA 23219
Ph: (804) 788-8200
Fax: (804) 788-8218
meckstein@HuntonAK.com
tcox@HuntonAK.com
dfairbanks@HuntonAK.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By:     */s/ Maya M. Eckstein*
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Defendants*