UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| WILLIAM THORPE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> VIRGINIA DEPARTMENT OF CORRECTIONS, *et al.*, <br><br> *Defendants*. | CASE NO. 2:20-cv-00007-JPJ-PMS |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO DEPOSE BY ORAL EXAMINATION EACH OF PLAINTIFFS**

Defendants have moved the Court for leave to depose the eleven named Plaintiffs in this case, eight of whom are currently housed in facilities operated by Defendant Virginia Department of Corrections (VDOC). *See* ECF No. 232. Plaintiffs do not oppose Defendants' request to depose these individuals, so long as certain measures are in place to ensure that Plaintiffs' rights are adequately protected. In particular, Plaintiffs request an order directing that VDOC make each Plaintiff currently housed in a VDOC facility available to meet in a confidential setting with his attorneys from 9 A.M. to 5 P.M. one business day before his scheduled deposition—a procedure that at least one of the VDOC facilities at issue has agreed to in a recent analogous case. *See* Ex. A (Plaintiffs' Proposed Order; *see* ECF No. 232-1, 232-2, 232-3, and 232-4).[1] Although it is Plaintiffs' preference that the preparation sessions for Plaintiffs' depositions occur in person, in an effort to narrow the dispute before the Court, Plaintiffs are willing to agree to conduct the

---

[1] Plaintiffs' Proposed Order corrects the omission of Derek Cornelison, likely a clerical error.

preparation sessions over Zoom, provided that Defendants' counsel agree to work with the facilities to ensure that the necessary approvals are expedited, and that the Zoom will function properly during the full eight hours of preparation.

      Defendants have requested to take the depositions of the eight Plaintiffs currently housed in a VDOC facility between February 15 and February 24. The parties have met and conferred a number of times to discuss the procedures to govern those proceedings. During the meet and confer process, Plaintiffs asked Defendants to agree to certain procedures to protect Plaintiffs' rights, including the ability for counsel to meet with each Plaintiff for a full day to prepare for each deposition, the ability to have up to two attorneys present for each deposition and preparation session, and the ability to bring a laptop into the facilities. *See* Ex. B (Emails from M. Letourneau-Belock, Jan. 23, 2023, and Dec. 21, 2022), at 1, 4. As Plaintiffs explained to Defendants, these reasonable accommodations have been utilized in VDOC facilities in this case and recent analogous matters. *See* Ex. C (Email from K. Williams, Dec. 13, 2022), at 1 (expert in this case permitted to bring a laptop into Wallens Ridge State Prison); Ex. D (Email from M. O'Shea, Dec. 22, 2022), at 3 (same for Red Onion State Prison); Ex. E (Email from S. Harvey and attachment, Jan. 31, 2023), at 1, 4 (providing all three of these accommodations at Sussex I State Prison in an analogous case). By letter dated February 2, 2023, Defendants refused Plaintiffs' requests. *See* Ex. F (Letter from M. O'Shea, Feb. 2, 2023).

      As noted above, Plaintiffs would prefer to prepare for their depositions with their counsel in person, particularly because Defendants have stated their intention to take Plaintiffs' depositions in person. However, in light of the large number of depositions that need to occur in a compressed timeframe in this case even if Plaintiffs' pending Motion to Amend Scheduling Order, *see* ECF No. 249, is granted, Plaintiffs are willing to prepare for their depositions over Zoom so long as

Defendants' counsel agree to work with the facilities to ensure that the necessary approvals are expedited, and that the Zoom will function properly during the full eight hours of preparation. In light of this agreement, the only dispute for the Court to resolve is the length of time Plaintiffs will be permitted to meet with their counsel.

Due Process requires that Plaintiffs have an adequate opportunity to meet with their counsel in advance of their depositions. *Procunier v. Martinez*, 416 U.S. 396, 419 (1974) ("[I]nmates must have a reasonable opportunity to seek and receive the assistance of attorneys."), *overruled on other grounds, Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Hamdi & Ibrahim Mango Co. v. Fire Ass'n of Phila.*, 20 F.R.D. 181, 182–83 (S.D.N.Y. 1957) (describing "the absolute necessity" for "counsel to confer with a witness . . . prior to his giving testimony, whether the testimony is to be given on deposition or at trial"). However, in their February 2 letter, Defendants refused to agree that Plaintiffs would have a full day of preparation with their counsel in advance of each deposition. Specifically, Defendants instructed Plaintiffs to "use established attorney-client visitation measures to make your request," and stated that they "cannot guarantee that each facility will be able to accommodate this demand." Ex. F at 2. Defendants' counsel further stated that "VDOC is certainly my client, but I cannot, and would not if I could, force them to deviate from established security procedures because it might be more convenient for you." *Id*.

Defense counsel's refusal to coordinate with the VDOC facilities to ensure Plaintiffs have adequate access to counsel in advance of the depositions is particularly inappropriate in light of the history of this case. On a number of occasions, Plaintiffs have informed Defendants that the facility-specific attorney visitation procedures are inadequate to ensure that Plaintiffs are able to meet with their counsel. These procedures "are incredibly cumbersome and [Plaintiffs] frequently do not receive timely responses from the facilities." Ex. B at 1. Defendants have previously

3

instructed that Plaintiffs should "communicate[] with us . . . in advance so that you do not run into any issues at the facility level." Ex. D (Email from M. O'Shea, Dec. 20, 2022), at 5. Notwithstanding this guidance, Defendants' counsel has now refused to coordinate directly with her client VDOC to ensure that Plaintiffs are given adequate time with counsel to prepare for their depositions, insisting that Plaintiffs use the prison-specific procedures that have proved inadequate in the past.

Moreover, as Defendants' counsel are aware, the same VDOC facilities where the upcoming depositions will take place have engaged in a pattern of behavior designed to discourage named class plaintiffs and putative class members from participating in this litigation. *See* Ex. G (Letter from V. Agraharkar, Oct. 5, 2022); Ex. H (Letter from M. Letourneau-Belock and T. Lee, May 18, 2022). This pattern of obstruction, intimidation, and retaliation—which Plaintiffs have repeatedly highlighted for Defendants—underscores the necessity of the Court's intervention to ensure that Plaintiffs have adequate access to their counsel in advance of their depositions.

Accordingly, Plaintiffs respectfully request an order from the Court directing that (1) Defendants' counsel must work with the VDOC facilities to ensure that the necessary approvals from the facilities are expedited, and that Zoom will function properly during the full eight hours of preparation; and (2) VDOC make each Plaintiff currently housed in a VDOC facility available to meet with his attorneys from 9 A.M. to 5 P.M. one business day before his scheduled deposition. *See* Ex. A (Plaintiffs' Proposed Order; *see* ECF No. 232-1, 232-2, 232-3, and 232-4).

Dated February 6, 2023

Respectfully submitted,

/s/ Megan A. Crowley
Megan A. Crowley
Jared Frisch
William O'Neil
Matthew Phelps
Paul Wilson
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
mcrowley@cov.com
jfrisch@cov.com
woneil@cov.com
mphelps@cov.com
pwilson@cov.com

Vishal Agraharkar (VSB #93265)
Eden B. Heilman (VSB #93554)
Matthew Callahan (pro hac)
ACLU of Virginia
701 E. Franklin Street, Ste. 1412
Richmond, VA 23219
Telephone: (804) 644-8022
vagraharkar@acluva.com
eheilman@acluva.com
mcallahan@acluva.com

Kathryn Ali
Ali & Lockwood LLP
300 New Jersey Avenue, NW, Ste. 900
Washington, DC 20001
Telephone: (202) 651-2475
katie.ali@alilockwood.com

*Counsel for Plaintiffs*