IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| WILLIAM THORPE, *et al.*, <br><br>    *Plaintiffs*, <br><br> v. <br><br> VIRGINIA DEPARTMENT OF CORRECTIONS, *et al.*, <br><br>    *Defendants*. | Civil Case No. 2:20-cv-00007-JPJ-PMS <br><br> **CLASS ACTION** |

**PLAINTIFFS' STATEMENT REGARDING PROPOSED CLASS REPRESENTATIVES AND NOTICE**

1. In its April 12, 2023 Opinion and Order (the "Order"), this Court granted Plaintiffs' Motion for Class Certification and certified four Sub-Classes: (1) a Constitutional Violation Injunction Class; (2) a Constitutional Violation Damages Class; (3) a Disabilities Injunction Class; and (4) a Disabilities Damages Class. ECF No. 299, at 41–42. The Court further directed Plaintiffs to: (1) designate "one class representative for each subclass" and "advise the court . . . of such selections and the qualifications for class representative of each such person selected, for approval and designation by the court"; and (2) "submit a proposed notice and process for notice to class members." *Id.* at 42. Pursuant to the Court's Order, Plaintiffs respectfully submit for Court approval their proposed Class Representatives and proposed notice and process for providing notice to class members.

**PROPOSED CLASS REPRESENTATIVES**

2. Plaintiffs respectfully submit for approval the following proposed Class Representatives: (1) Peter Mukuria, for the Constitutional Violation Injunction Class and the Constitutional Violation Damages Class; and (2) Gary Wall, for the Disabilities Injunction Class and the Disabilities Damages Class.

3. Mr. Mukuria is qualified to serve as the Class Representative for the Constitutional Violation Injunction Class and the Constitutional Violation Damages Class. Mr. Mukuria meets all of the criteria of the Sub-Classes' definitions. Mr. Mukuria was incarcerated at Red Onion State Prison ("Red Onion") from 2012 to 2020, during which time he was classified as Level S or Level 6 and subject to the Step-Down Program. ECF No. 174-24, ¶¶ 2, 15, 18; *see also* Mukuria Dep. Tr. at 147:15–19, 163:15–21. He alleges that the policies and practices associated with the Step-Down Program violate his constitutional rights, including by forcing inmates like him to remain in solitary confinement for extended periods of time, by employing vague and subjective criteria to determine whether inmates should progress through the Step-Down Program, by denying inmates' meaningful review of decisions about their progression through the Program, and by subjecting inmates to cruel and unusual punishment. ECF No. 174-24, ¶¶ 3–38.

4. That Mr. Mukuria is no longer subject to the Step-Down Program does not affect his qualifications to serve as the Class Representative for either the Constitutional Violation Damages Class or the Constitutional Violation Injunction Class. The Constitutional Violation Damages Class is defined as "[a]ll persons who *at any time from August 1, 2012, to the present* have been confined at Red Onion or Wallens Ridge [State Prison] at the Level S or Level 6 security levels and subject to any phase of the Step-Down Program." ECF No. 299, at 41 (emphasis added). Mr. Mukuria plainly meets this definition. Mr. Mukuria is also an appropriate representative for the Constitutional Violation Injunction Class, which is defined as "[a]ll persons who *are currently, or will in the future*, be confined at Red Onion or Wallens Ridge at the Level S or Level 6 security levels and subject to any phase of the Step-Down Program." *Id.* at 41. As the Supreme Court has explained, the fact that a class representative is no longer subject to the program or practice he challenges does not render his claim moot if the claim is "capable of repetition, yet evading review." *Gerstein v. Pugh*,

420 U.S. 103, 110 n.11 (1975). Here, because an inmate's assignment to the Step-Down Program is not always permanent, and because the Virginia Department of Corrections ("VDOC") has the discretion to remove an inmate from the Step-Down Program, Mr. Mukuria's claims satisfy the *Gerstein* test. *See id.*; *see also United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537–39 (2018) (collecting cases).

5. Mr. Wall is qualified to serve as the Class Representative for the Disabilities Injunction Class and the Disabilities Damages Class. Mr. Wall meets all of the criteria of the Sub-Classes' definitions. He is currently confined at Wallens Ridge State Prison ("Wallens Ridge") and was previously confined at Red Onion during various periods between 1998 and 2019. ECF No. 174-28, ¶ 2. Mr. Wall was subject to the Step-Down Program from December 2012 until June 2021. *Id.*, ¶¶ 3–24. He suffers from a variety of mental health disabilities, including depression, anxiety, and suicidal ideations, which inhibited his progression through the Step-Down Program. *Id.*, ¶ 31. Because Mr. Wall's disabilities "limit[] one or more" of his "major life activities," he qualifies as an individual with disabilities under the ADA and the RA. 42 U.S.C. § 12102(1); 29 U.S.C. § 705(9)(B) (defining disability as it is defined in the ADA). Indeed, this Court has already found that Mr. Wall "ha[s] sufficiently established that [he is a] member of the disabilities classes [that he] purport[s] to represent." ECF No. 299, at 26.

6. For the same reasons as Mr. Mukuria, the fact that Mr. Wall is no longer subject to the Step-Down Program does not affect his qualifications to serve as the Class Representative for either the Disabilities Damages Class or the Disabilities Injunction Class. The Disabilities Damages Class is defined to include "[a]ll persons who *at any time from August 1, 2012, to the present*" were subject to the Step-Down Program and "suffer from mental health disabilities . . . ." ECF No. 299, at 41–42 (emphasis added). Mr. Wall plainly satisfies these criteria. Mr. Wall is also an appropriate representative for the Disabilities

Injunction Class, which is defined as "[a]ll persons who *are currently, or will in the future*," be subject to the Step-Down Program and "suffer from mental health disabilities . . . ." *Id.* at 41. Because Mr. Wall's claims are "capable of repetition, yet evading review," it is immaterial that he is no longer in the Step-Down Program. *Gerstein*, 420 U.S. at 110 n.11. And in any event, Mr. Wall remains in VDOC custody and could be subject to the Step-Down Program "in the future." ECF No. 299, at 41.

## PROPOSED NOTICE AND PROCESS FOR NOTICE

7.  Plaintiffs respectfully submit for approval the Notice of Class Action (the "Notice"), attached hereto as Exhibit A.

8.  With respect to the process for providing notice, for class members that are currently in the custody and control of VDOC, Plaintiffs propose that individualized notice to class members be effectuated by having VDOC distribute the Court-approved Notice to class members. As other courts have observed, "distributing a court-approved form of notice to inmates is [a] common method of serving notice on inmate classes." *Riker v. Gibbons*, 2009 WL 910971, at *7 (D. Nev. 2009) (collecting cases).

9.  For class members who are no longer in VDOC's custody and control, Plaintiffs propose that individualized notice to class members be effectuated by mail, with VDOC supplying class members' last known addresses. If VDOC does not have address information for a class member, Plaintiffs will make reasonable efforts to locate class members' last known addresses via skip-tracing or a similar service. Once again, it is well established that individual mailing provides adequate notice in a class action. *See, e.g.*, *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 492–93 (E.D. Cal. 2006).

10. Because VDOC is best positioned to know whether a class member is presently in its custody and control, Plaintiffs request that this Court order VDOC to identify the class members in VDOC's custody and control (or, at minimum, confirm Plaintiffs'

understanding of which class members are in VDOC's custody and control), so that Plaintiffs can prepare the requisite Notices. For class members who are not in VDOC's custody and control, Plaintiffs request that the Court order VDOC to identify class members' last known addresses.

11. Plaintiffs propose the following Notice and opt-out schedule:

| Within 35 days of the Court's approval of the proposed Notice | Deadline for VDOC to (i) identify or confirm the class members currently in VDOC's custody and control, and (ii) for class members not in VDOC's custody and control, provide Plaintiffs with a list of class members' last known addresses |
|---|---|
| Within 56 days of the Court's approval of the proposed Notice | Deadline for (i) VDOC to distribute Notices to class members in VDOC's custody and control; and (ii) Plaintiffs to mail Notices to class members not in VDOC's custody and control |
| Within 45 days of issuance of the Notice to class members | Deadline for class members to mail a written request to opt out of the class |

12. During the opt-out period, Class Counsel will be available by telephone to respond to any inquiries from class members. Class Counsel will also be available to respond to any written inquiries received from class members.

13. Plaintiffs will bear what they anticipate will be the modest cost of printing the Notice for all class members and for mailing the Notice to class members who are not in VDOC's custody and control. Should the Court order notice through additional methods, Plaintiffs reserve the right to seek cost-shifting.

| | |
|---|---|
| Dated: May 3, 2023 | Respectfully submitted, |

/s/ Jared Frisch
Megan A. Crowley (*pro hac vice*)
Jared Frisch (*pro hac vice*)
Paul Wilson (*pro hac vice*)
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
mcrowley@cov.com
jfrisch@cov.com
pwilson@cov.com

William O'Neil (*pro hac vice*)
Matthew Phelps (*pro hac vice*)
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
woneil@cov.com
mphelps@cov.com

Vishal Agraharkar (VSB #93265)
Eden B. Heilman (VSB #93554)
Matthew Callahan (*pro hac vice*)
ACLU of Virginia
701 E. Franklin Street, Ste. 1412
Richmond, VA 23219
Telephone: (804) 644-8022
vagraharkar@acluva.com
eheilman@acluva.com
mcallahan@acluva.com

Kathryn Ali (VSB #97966)
Ali & Lockwood LLP
300 New Jersey Avenue, NW, Ste. 900
Washington, DC 20001
Telephone: (202) 651-2475
katie.ali@alilockwood.com

*Counsel for Class Plaintiffs*