# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| WILLIAM THORPE, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>VIRGINIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    *Defendants*. | Civil Case No. 2:20-cv-00007-JPJ-PMS |

## MEMORANDUM ORDER

This matter is before the court on the Plaintiffs' Motion To Compel The Production Of Documents, (Docket Item No. 294) ("Motion"). Based on the arguments and representations contained in the Motion, the defendants' response, (Docket Item No. 297) ("Response"), and the plaintiffs' reply, (Docket Item No. 298) ("Reply"), the Motion is **DENIED**.

This class action is set for jury trial on March 18 to April 26, 2024. Several scheduling orders have been entered in the case to date. An Amended Scheduling Order entered on August 2, 2022, continued the trial to the March 2024 start date and amended several other important deadlines in the matter, including setting the deadline for "Substantial Completion of Document Production" for January 17, 2023, and the deadline for the "Close of Non-Expert Fact Discovery" for February 28, 2023. On January 27, 2023, plaintiffs moved for a 90-day extension of all discovery deadlines, (Docket Item No. 249) ("Motion for Extension"). The Motion for Extension stated that "numerous discovery issues remain outstanding," (Docket

Item No. 249 at 2), including the issue regarding the retrieval of emails dated from 2014-2016 for certain agreed custodians from recently discovered backup tapes,[1] (Docket Item No. 249 at 7-8), which is the basis of the current Motion. The Motion for Extension stated: "To date, VDOC has agreed to restore one custodian's mailbox from the backup tapes. … However, it has refused to restore any others, notwithstanding the myriad gaps in its production, based on an unsubstantiated claim of burden. …. The parties have been meeting and conferring about these issues." (Docket Item No. 249 at 8.)

According to the plaintiffs' memorandum in support of the Motion, and its attached exhibits, plaintiffs' counsel were advised of the existence of these backup tapes by a December 30, 2021, letter from defense counsel Meghan A. Podolny. (Docket Item No. 295-8 at 4-5.) In this letter, Podolny outlined the steps the VDOC was willing to take to attempt to restore deleted emails of former Red Onion Warden Earl Barksdale. In this letter, Podolny also specifically advised plaintiffs' counsel that the VDOC did not consider these backup tapes within its possession, custody or control and of the VDOC's position that "it would not be proportional to restore mailboxes for all VDOC personnel identified on those tapes…." (Docket Item No. 295-8 at 5.)

The Motion for Extension was heard by telephone conference call on February 7, 2023. During that hearing, counsel for the plaintiffs addressed the undersigned on the need to grant the Motion for Extension, at least in part, to allow for resolution of the issue regarding the retrieval of emails from the recently

---

[1] The parties have referred to these as "backup tapes" as well as "cartridges" and "drives." While the court is uncertain as to the exact medium involved, it is clear that data exists saved on some type of medium that is retrievable. The court will refer to this data being preserved on "backup tapes."

discovered backup tapes. The court pointed out to counsel that fact discovery was set to close on February 28, 2023, and there were no pending motions to compel before the court. In particular, the undersigned stated, "I am amazed that I have a motion before me asking for an extension of time because there are allegations that productions haven't been complete, yet I have no discovery motions before me." While the court discussed the possibility of setting a deadline for the filing of any discovery motions, the Order entered by the court on the Motion for Extension did not set a separate deadline for the filing of discovery motions. Nonetheless, during this hearing, the court instructed counsel, "…insofar as there is [a discovery] issue now that hasn't been resolved… this court needs to know what it is so it can get it resolved."

By Order entered on February 7, 2023, (Docket Item No. 262), the court extended the fact discovery deadline only to allow additional time for the taking of nonexpert witness depositions. This Order extended the deadline for the completion of discovery depositions of nonexpert witnesses to April 14, 2023. Importantly, the court denied the Motion for Extension insofar as it sought a general extension of time past February 28, 2023, for the close of nonexpert fact discovery. Despite the court's admonishment to bring any remaining discovery dispute to its attention by filing a proper motion, the Motion was not filed with the court until March 17, 2023, approximately two months after the court's deadline for substantial completion of document production, more than a month after the February 7 hearing and 17 days after the close of nonexpert fact discovery.

A district court is afforded "substantial discretion in managing discovery." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 929 (4th Cir. 1995). "Generally, absent a specific directive in the scheduling order, motions

to compel discovery filed prior to the discovery deadline have been timely." *PCS Phosphate Co., Inc. v. Norfolk S. Corp.,* 238 F.R.D. 555, 558 (E.D. N.C. 2006) (citations omitted). Courts in the Fourth Circuit, however, routinely deny motions to compel that are filed after the discovery deadline when no good cause is shown for their delay. *See Emerson Creek Pottery, Inc., v. Countryview Pottery Co.,* 2021 WL 9031156, at *2 (W.D. Va. Dec. 29, 2021); *Powell v. Kamireddy*, 2015 WL 333015, at *4 (E.D. N.C. Jan. 26, 2015) (denying untimely motion to compel when plaintiffs provided no excuse for their failure to file it before discovery deadline); *Greene v. Swain Cnty. P'ship for Health,* 342 F.Supp. 2d 442, 449 (W.D. N.C. 2004) (denying motion to compel filed three weeks after discovery).

Here, the Motion is untimely, and plaintiffs' counsel have offered no good cause for why they waited until after the discovery deadline to file the Motion. As stated above, in December 2021, more than a year before the filing of the Motion, defense counsel notified plaintiffs' counsel of the existence of the backup tapes and that the defense did not intend to voluntarily restore and produce any records from these tapes, other than records for Barksdale.

In addition to the untimely filing of the Motion, neither the Motion nor the supporting Memoranda identify any particular discovery request by the plaintiffs to which the data contained on the backup tapes would be responsive. Instead, the Motion asks the court to assume that a proper discovery request was served on the defendants. The Motion states only:

> Plaintiffs served an initial set of document requests on October 18, 2019. Since then, Plaintiffs have served four additional sets of

requests. Each set seeks the productions of *responsive documents* from August 1, 2012 – the date the Step-Down Program was implemented – to the present day.

(Docket Item No. 295 at 4) (emphasis added). Oddly, plaintiffs' counsel provided only two pages of Plaintiffs' First Set Of Requests To Defendants For Production Of Document, and these pages contained only certain definitions of the words and phrases contained in the Requests for Production but none of the actual requests. (Docket Item No. 298-3.) The Federal Rules of Civil Procedure state that a motion to compel a discovery response "may be made if: … a party fails to produce documents … as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iv). Here, plaintiffs also have failed to show the court that the data at issue was the subject of a request for production served on the defendants.

For these reasons, the Motion is denied.

The Clerk's Office shall provide a copy of this Memorandum Order to all counsel of record.

**ENTERED:**        June 21, 2023.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE