**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**BIG STONE GAP DIVISION**

WILLIAM THORPE, *et al*.,

*Plaintiffs*,

v.

VIRGINIA DEPARTMENT OF CORRECTIONS, *et al*.,

*Defendants*.

Civil Case No. 2:20-cv-00007-JPJ-PMS

# PLAINTIFFS' SUBMISSION REGARDING THE DETERMINATION OF DAMAGES

## I. Introduction

During the January 18, 2024 Status Conference, the Court invited Plaintiffs to submit authority regarding whether the finder of fact may determine the amount of compensatory damages for Plaintiffs' claims. As set forth below, it is common practice for finders of fact—including district courts in bench trials—to determine a per diem measure of compensatory damages without the aid of a damages expert for violations of due process, the Eighth Amendment, and the Americans with Disabilities Act ("ADA").[1]

## II. The Finder of Fact May Determine Compensatory Damages for Eighth Amendment, Due Process, and ADA Claims.

As a preliminary matter, fact testimony alone is sufficient for a finder of fact to determine non-economic damages. *Randall v. Prince George's County, Md.*, 302 F.3d 188, 208–09 (4th Cir. 2002) ("[A] 'plaintiff's testimony, standing alone, can support an award of compensatory damages for emotional distress based on a constitutional violation.'" (citation omitted)). Further, district courts, acting as finders of fact, routinely determine and award damages to compensate plaintiffs for Eighth Amendment and Due Process claims. For instance, in *King v. Higgins*, 702 F.2d 18, 19 (1st Cir. 1983), a prisoner brought suit alleging that the prison disciplinary board failed to provide him with due process, including failing to provide prior notice of the hearing against him or allow him to present witnesses in his own defense. Following several evidentiary hearings, the district court held that prison officials had violated the plaintiff's due process rights and awarded him $390 in damages—$375 for pain and suffering during his fifteen days of isolation and $15 for lost wages. *Id.* The First Circuit affirmed, holding that the district court's

[1] While Plaintiffs do not intend to introduce expert testimony on the appropriate per diem amount, Plaintiffs have an expert who has calculated the number of days that class members have spent in the Step Down Program to help inform the overall damages calculation. *See* ECF No. 400-9.

determination of "damages based on his pain and suffering and loss of wages during those 15 days [was] proper." *Id.* at 22.

Courts have likewise determined damages for Eighth Amendment violations. *See, e.g.*, *O'Connor v. Keller*, 510 F. Supp. 1359 (D. Md. 1981). In *O'Connor*, the plaintiff was placed in a bare isolation cell—naked and without running water—for forty-eight hours despite blankets and mattresses being available and institutional policy requiring correctional officers to ensure plumbing was functional. *Id.* at 1365. The district court held that the conditions of the inmate's confinement constituted cruel and unusual punishment, *id.* at 1372–73, and awarded compensatory damages, stating that "[t]he court has determined that plaintiff is entitled . . . to compensatory damages from [numerous defendants] in connection with his confinement in the isolation cell, in the amount of $100.00 per day," *id.* at 1375. The court, "[i]n its discretion," also awarded punitive damages. *Id.*

Similarly, in *Maxwell v. Mason*, 668 F.2d 361, 362 (8th Cir. 1981), the appellate court affirmed the district court's award of $100 per day in compensatory damages for Eighth Amendment violations. The court held that the defendants failed to show that "the trial court's award of $1,400.00 damages was either arbitrary or excessive." *Id.* at 366. The Eighth Circuit affirmed yet another district court award of compensatory damages for Eighth Amendment violations in *Simmons v. Cook*, 154 F.3d 805, 806 (8th Cir. 1998), this time for $2,000, to compensate a prisoner who was unconstitutionally confined for thirty-two hours.[2] *Id.* The court noted that damages determinations fall within a district court's discretion and therefore appellate

[2] While some case law cited herein predate the passage of the Prison Litigation Reform Act of 1996 ("PLRA"), nothing in the later cases also cited suggests that the PLRA impacted the fact finder's authority to determine damages.

courts review a "district court's damages award in a § 1983 action under the abuse of discretion standard." *Id.* at 809 (citation omitted).

Judicial damages determinations are also common for other constitutional violations. For example, in *Lowrance v. Coughlin*, 862 F. Supp. 1090 (S.D.N.Y. 1994), the court determined that segregating a prisoner for 115 days and repeatedly transferring him from prison to prison constituted unconstitutional retaliation under the First Amendment. *Id.* at 1102–03. At the conclusion of a bench trial, the court awarded the plaintiff "$100 per day for the 115 days spent in segregative confinement as a result of retaliation." *Id.* at 1120.

Indeed, finders of fact frequently determine damages for constitutional and ADA violations without expert testimony. *See, e.g.*, *Bingman v. Baltimore County*, 2017 WL 367555, at *5 (D. Md. Jan. 25, 2017) (instructing the jury in an ADA case that, "[i]n regard to all claims for noneconomic damages, no evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced in evidence"), aff'd *Bingman v. Baltimore County*, 714 Fed. App'x 244, 246 (4th Cir. 2017) (affirming the damages award as reasonable "[g]iven [the plaintiff's] testimony as to the nature of his [harm]"). For instance, numerous courts have sanctioned the use of jury instructions with respect to damages for prisoners' constitutional claims that expressly state that no expert testimony is needed. *See, e.g.*, *Hendrickson v. Cooper*, 589 F.3d 887, 893 (7th Cir. 2009) (affirming the use of the following instruction: "No evidence of the dollar value of physical or mental or emotional pain and suffering or disability has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained."); Fed. Civ. Jury Instr. 7th Cir. § 7.27 COMPENSATORY DAMAGES IN PRISONER CASES (2017) ("No evidence of the dollar value of physical [or mental

and emotional] pain and suffering . . . has been or needs to be introduced."); *see also Osterhout v. Bd. of County Comms. of LeFlore County, Ok.*, 10 F.4th 978, 1001 (10th Cir. 2021) (affirming damages award for constitutional violations outside the prisoner context based on the jury instruction that "no evidence of the dollar value of physical or mental/emotional pain and suffering or loss of a normal life has been or needs to be introduced"); *Hogan v. Cherokee County*, 2022 WL 588397, at *8–*9 (W.D.N.C. Feb. 23, 2022) (using a similar jury instruction for a constitutional claim outside the prisoner context).

Ample authority thus supports this Court's ability to determine damages based on fact testimony during a bench trial—i.e., to assess damages based on the establishment of the constitutional violation and the egregiousness of the facts.[3] *See Simmons*, 154 F.3d at 809 (affirming the reasonableness of a $1,500 per day damages determination because "we find that the facts in this case are sufficiently egregious"). None of the decisions cited herein suggests that the finder of fact must rely on expert or other non-fact testimony to determine the appropriate level of compensatory damages.

## III. Compensatory Damages for Constitutional Claims Are Frequently Calculated on a Per Diem Basis.

As the court noted in *Stevens v. McHan*, 3 F.3d 1204 (8th Cir. 1993), "in calculating a damages award for an unconstitutional confinement, it is permissible to rely on a per day amount." *Id.* at 1207. And indeed, this is what courts frequently do. *See*, *e.g.*, *Maxwell*, 668 F.2d at 366 (affirming and indicating that the lower court determined its award with reference to a $100 per diem rate); *Simmons*, 154 F.3d at 809 (assessing the excessiveness of a court's award

[3] In addition to Plaintiffs' expert who has calculated the number of days that class members have spent in the Step Down Program, Plaintiffs will present expert testimony regarding, *inter alia*, the conditions of confinement, the mental and emotional state of class members, and the significant harmful physical, mental, and emotional effects of solitary confinement.

by reference to "the typical range of per day damage awards for unconstitutional solitary confinement"); *cf. McClary v. Coughlin*, 87 F. Supp. 2d 205, 219 n.10 (W.D.N.Y. 2000) (reducing jury award to "the amount of $237,500," which was "the per diem equivalent of awarding approximately $175 per day for each day").

Moreover, many courts through the decades have determined damages on a per diem basis for constitutional violations. *See, e.g.*, *Smith v. Rowe*, 761 F.2d 360, 368 (7th Cir. 1985) (listing other cases in which the Seventh Circuit has upheld per-day awards for segregated confinement ranging from $129 to $212 as grounds for upholding an award of a $119 per diem as not excessive); *Stevens*, 3 F.3d at 1207 (listing cases with per-day amounts ranging from $25 to $129 as grounds for deeming a $500 per diem arbitrary and excessive); *Lowrance*, 862 F. Supp. at 1120 n.25 (citing *Nolley v. County of Erie*, 802 F. Supp. 898 (W.D.N.Y. 1992) for a list of cases awarding $100 per day in segregation as support for its award of $100 per day that plaintiff spent in segregated confinement as a result of unconstitutional retaliation); *cf. Parker v. City of N.Y.*, 2018 WL 6338775, at *2 (E.D.N.Y. Dec. 4, 2018) (approving class action settlement for pretrial detainees held in solitary confinement at $175 per day and $200 per day for juveniles and the mentally ill); *Miller v. City of N.Y.*, 2023 WL 3554444, at *1 (S.D.N.Y. April 28, 2023) (noting that the court was inclined to grant preliminary approval of class action settlement for $400 per day for most inmates).

## IV. In Assessing the Reasonableness of a Per Diem Damage Amount, Courts Reference as Benchmarks Past Cases in Which Awards Have Been Upheld.

In determining and assessing the reasonableness of per diem amounts for compensatory damages, both district and appellate courts typically look to amounts awarded in cases disposing of similar claims. As the court stated in *Ismail v. Cohen*, 899 F.2d 183, 186 (2d Cir. 1990), damages for constitutional violations need not and "should not be made in a vacuum. Reference

to other awards in similar cases is proper." Because many courts have determined damages on a per diem basis for constitutional violations, *see supra* § III, there are numerous cases and data points to draw from in determining an appropriate per diem rate for Defendants' violations of Plaintiffs' constitutional rights.

## V. Conclusion.

For the reasons stated above, the Court has the authority and discretion to determine a per diem amount in calculating compensatory damages for Plaintiffs' constitutional injuries. Further, should the Court request, Plaintiffs could provide additional briefing on the appropriate per diem amount in post-trial briefing.

Dated: February 2, 2024

Respectfully Submitted,

/s/ *Megan Crowley*
Megan A. Crowley (*pro hac vice*)
Jared Frisch (*pro hac vice*)
Paul Wilson (*pro hac vice*)
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
mcrowley@cov.com
jfrisch@cov.com
pwilson@cov.com

William O'Neil (*pro hac vice*)
Matthew Phelps (*pro hac vice*)
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
woneil@cov.com
mphelps@cov.com

Vishal Agraharkar (VSB #93265)
Geri Greenspan (VSB #76786)
Eden B. Heilman (VSB #93554)
ACLU of Virginia
701 E. Franklin Street, Ste. 1412
Richmond, VA 23219
Telephone: (804) 523-2151
vagraharkar@acluva.org
ggreenspan@acluva.org
eheilman@acluva.org

Kathryn Ali (VSB #97966)
Ali & Lockwood LLP
300 New Jersey Avenue, NW, Ste. 900
Washington, DC 20001
Telephone: (202) 651-2475
katie.ali@alilockwood.com

Maxwell J. Kalmann (*pro hac vice*)
1818 Library Street, 10th Floor
Reston, VA 20190
(650) 586-1043
maxkalmann@meta.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

*/s/ Megan A. Crowley*
Megan A. Crowley (*pro hac vice*)
Jared Frisch (*pro hac vice*) Paul
Wilson (*pro hac vice*) Covington
& Burling LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
mcrowley@cov.com
jfrisch@cov.com
pwilson@cov.com