IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Big Stone Gap Division

| | |
|---|---|
| WILLIAM THORPE, *et al.*, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>VIRGINIA DEPARTMENT OF )<br>CORRECTIONS, *et al.*, )<br>)<br>    Defendants. ) | Case No. 2:20-cv-00007-JPJ-PMS |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR EXPEDITED BRIEFING AND TELEPHONIC HEARING ON
<u>PLAINTIFFS' MOTION FOR PROTECTIVE ORDER</u>**

    Plaintiffs request relief for alleged violations of the First Amendment and the Religious Land Use and Institutionalized Persons Act—claims that do not exist in this case—and seek to deprive Defendants of a fair opportunity to oppose that request. Defendants respectfully request that the Court deny Plaintiffs' Motion for Expedited Briefing and Telephonic Hearing Schedule on Their Motion for Protective Order, ECF No. 488 ("Mot. To Expedite"), and give Defendants a fair opportunity to conduct the factual assessment and develop the legal arguments appropriate to respond to Plaintiffs' Motion for Protective Order, ECF No. 486 ("Mot. for PO"). Plaintiffs provide no justification for depriving Defendants of that opportunity. Further, Plaintiffs' ongoing attempts to link to this lawsuit every event at Red Onion State Prison, including every Virginia Department of Corrections ("VDOC") policy at that facility, with which they take issue does not constitute such justification.

    Local Rule 11(c)(1) provides an opposing party, unless otherwise directed by the Court, 14 days after service of a motion to file a responsive brief and supporting documents for a reason. By the time a movant's counsel files a motion, they may have been working on developing their

factual allegations and legal arguments for weeks, or even months, before filing. Respondents do not have the same luxury. Respondents' counsel prepare their response based on the timing dictated by the movant's filing and the Court's rules. Absent relief from the Court (which Defendants are not seeking here), that timing applies regardless of the availability of respondent's counsel or of respondents themselves to set aside existing commitments to turn immediately to assessing movant's motion and developing a response. This Court's 14-day schedule for filing a response strikes an appropriate balance between addressing movant's alleged issues and providing respondent a fair opportunity to respond to them. Absent a compelling reason, this Court should not deprive respondents of that opportunity.

Plaintiffs fail to provide such a compelling reason. Instead, Plaintiffs provide a transparent attempt to limit the time that Defendants' counsel has to develop a full response to Plaintiffs' Mot. for PO. Plaintiffs' stated basis for seeking expedited consideration is that "the harm that they are experiencing is ongoing and significant." Mot. To Expedite at 2. But Plaintiffs' own declarant establishes that the "Safety Agreement"—the VDOC policy with which Plaintiffs disagree and are trying to shoehorn into this litigation rather than pursue a separate action to end—has been in place since at least mid-January 2025. Declaration of Sidney Bowman, ECF No. 487-2, at ¶ 3. In other words, despite the alleged "ongoing and significant harm," caused by the policy, Plaintiffs took at least two-and-one-half months to draft and file their motion. Now they assert that depriving Defendants of seven of the fourteen days that Defendants have to file their response will make all of the difference. Of course, the four (not three as they mistakenly assert) days that they propose for their reply will have no effect on the alleged harm. If the seven days that Plaintiffs propose to take from Defendants were so critical, Plaintiffs could have obtained that seven days by advising

the Court that they waived their reply so the Mot. for PO could be heard sooner. But they were unwilling to so disadvantage themselves, choosing instead to attempt to disadvantage Defendants.

As for Plaintiffs' attempts to blame Defendants for their delay, those attempts are without merit. Plaintiffs' counsel did not attempt to resolve the issue. Plaintiff's counsel sent Defendants' counsel a letter to forward on to a Defendant in this lawsuit that contained allegations and demands unrelated to this lawsuit in any way. If given a fair opportunity to respond to Plaintiffs' Mot. for PO, Defendants will address why. Defendants' counsel had not fully discussed the unrelated matters with the client before Plaintiffs' Mot. for PO was filed.

For the reasons stated, this Court should deny at least that portion of Plaintiffs' Motion to Expedite that requires Defendants to file their response by April 3. Defendants take no position on whether the time for Plaintiffs to file a reply should be shortened to three (or four) days.

March 31, 2025

Respectfully submitted,

/s/ *Maya M. Eckstein*

Jason S. Miyares
*Attorney General of Virginia*

Margaret Hoehl O'Shea (VSB #66611)
Assistant Attorney General,
Criminal Justice & Public Safety Division

OFFICE OF THE ATTORNEY GENERAL
202 North Ninth Street
Richmond, VA 23219
Ph: (804) 786-2206
Fax: (804) 786-4239
moshea@oag.state.va.us

Maya M. Eckstein (VSB #41413)
Thomas R. Waskom (VSB #68761)
Trevor S. Cox (VSB #78396)
R. Dennis Fairbanks (VSB #90435)

HUNTON ANDREWS KURTH LLP
951 E. Byrd St.
Richmond, VA 23219
Ph: (804) 788-8200
Fax: (804) 788-8218
meckstein@HuntonAK.com
twaskom@HuntonAK.com
tcox@HuntonAK.com
dfairbanks@HuntonAK.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF participants.

By:  /s/ *Maya M. Eckstein*
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Defendants*