IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

WILLIAM THORPE, *et al.*,

        *Plaintiffs*,

    v.

VIRGINIA DEPARTMENT OF
CORRECTIONS, *et al.*,

        *Defendants*.

Civil Case No. 2:20-cv-00007-JPJ-PMS

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR EXPEDITED BRIEFING AND TELEPHONIC HEARING ON THEIR MOTION FOR PROTECTIVE ORDER**

    Plaintiffs seek a protective order from this Court because Defendants have attempted to compel members of the plaintiff class—including potential witnesses at trial—to affirm false statements of fact that are relevant to the claims in this litigation and that may conflict with their past or future testimony in this case. Defendants have threatened class members in the Step-Down Program who refuse to sign these false statements with even greater isolation from their families and the outside world and from their only remaining access to religious services. And Defendants have followed through on those threats, leaving at least one class member without power to his cell for more than two months.

    Contrary to Defendants' inexplicable claim that Plaintiffs have not sought to resolve this issue, Plaintiffs have tried repeatedly to address this issue without court involvement, sending counsel for Defendants multiple emails and leaving two voicemails over the course of a month, requesting to discuss not only the serious constitutional concerns raised by the compelled speech, but the impact of the agreement specifically on Plaintiffs and witnesses in this litigation. Those communications were clear that Defendants' actions were "burdening or interfering with [class

1

members'] participation in the litigation [by] forcing class members to sign statements with which they disagree," Email from Geri Greenspan to counsel for Defendants (Feb. 26, 2025), ECF 487-4 at 4; that class members "were experiencing punishment or retaliation for refusing to affirm statements . . . which may contradict statements they have made or may make in the course of this litigation," Email from Geri Greenspan to counsel for Defendants (Mar. 6, 2025), ECF 487-4 at 11; that Plaintiffs wished to meet and confer "to discuss the various requests contained in the attached letter, in particular to ensure that class members remain free to participate in the litigation without fear of retaliation," Email from Geri Greenspan to counsel for Defendants (Feb. 26, 2025), ECF 487-4 at 4; *see also* Email from Geri Greenspan to counsel for Defendants (Mar. 6, 2025), ECF 487-4 at 11 (seeking "earliest availability to meet and confer"); Email from Geri Greenspan to counsel for Defendants (Mar. 17, 2025), ECF 487-4 at 13 (asking for confirmation of receipt and availability for a call); and that Plaintiffs hoped to "work towards a resolution of this issue without the involvement of the court." Email from Geri Greenspan to counsel for Defendants (Mar. 6, 2025), ECF 487-4 at 11. Plaintiffs filed the instant motion only after waiting in vain for a response to those multiple attempts at outreach.

   Defendants now blame Plaintiffs for the delay, attempting to use Plaintiffs' myriad attempts at good-faith negotiation over multiple weeks as an excuse to delay resolution of this motion. Further, Defendants acknowledge that they have had notice of Plaintiffs' concerns since no later than February 26th; they could have, therefore, "conduct[ed] the factual assessment and develop[ed] the legal arguments" to respond to Plaintiffs' concerns at any point since then, *see* Def. Opp. at 1, or at the very least informed Plaintiffs that they did not intend to do so, so that Plaintiffs could have sought relief from this Court at an earlier date. Defendants offer no reason for their failure to respond to any communication from Plaintiffs on the issue. This Court should

therefore decline Defendants' attempt at further delay and enter an expedited briefing and telephonic hearing schedule consistent with Plaintiffs' motion, or otherwise as expeditiously as this Court deems appropriate.

Dated: April 1, 2025                                  Respectfully Submitted,

/s/ Vishal Agraharkar
Jared Frisch (*pro hac vice*)
Paul Wilson (*pro hac vice*)
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
jfrisch@cov.com
pwilson@cov.com

Matthew Phelps (*pro hac vice*)
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
mphelps@cov.com

Vishal Agraharkar (VSB #93265)
Eden B. Heilman (VSB #93554)
Geri Greenspan (VSB #76786)
ACLU of Virginia
701 E. Franklin Street, Ste. 1412
Richmond, VA 23219
Telephone: (804) 644-8022
vagraharkar@acluva.org
eheilman@acluva.org
ggreenspan@acluva.org

Kathryn Ali (VSB # 97966)
Ali & Lockwood LLP
300 New Jersey Avenue, NW, Ste. 900
Washington, DC 20001
Telephone: (202) 651-2475
katie.ali@alilockwood.com

*Counsel for Class Plaintiffs*

3