**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**

WILLIAM THORPE, *et al.*,

     *Plaintiffs,*

                                    CASE NO.: 2:20-CV-00007-JPJ

v.

VIRGINIA DEPARTMENT OF
CORRECTIONS, *et al.*,

     *Defendants.*

**<u>DEFENDANT VIRGINIA DEPARTMENT OF CORRECTIONS'
MOTION FOR A PROTECTIVE ORDER
GOVERNING RULE 30(b)(6) DEPOSITION</u>**

Defendant Virginia Department of Corrections ("VDOC"), pursuant to Fed. R. Civ. P. 26(c), respectfully moves this Court for a protective order limiting Plaintiffs' Rule 30(b)(6) deposition notice to the scope permitted by this Court's March 4, 2026 Order (Docket No. 524) (the "Court Order").

**<u>INTRODUCTION</u>**

The Court Order granted Plaintiffs leave to serve one Rule 30(b)(6) deposition notice, to include limited written discovery, but limited the scope of that notice to "any material changes in the subject Step-Down Program and its policies, practices, and conditions of confinement." ECF No. 524 at 2.

Nonetheless, despite the plain language of the Court Order, Plaintiffs served a Notice of 30(b)(6) Deposition of Defendant Virginia Department of Corrections (the "Notice," attached as Exhibit 1), directing VDOC to present a witness to testify about topics that far exceed the scope permitted by the Court Order. Accordingly, good cause exists for entry of a protective order to protect VDOC from the undue burden of having to prepare a witness to testify about those topics.

## FACTUAL BACKGROUND

Before entry of the Court Order, the Parties took sharply different positions about the proper scope of supplemental discovery. *See, e.g.*, Proposed Status Conference Agenda (ECF No. 520). Plaintiffs asked the Court to reopen discovery because of the passage of time since the close of discovery, as well as their assertions that policies, practices, and conditions of confinement related to the Step-Down Program had changed during that time. VDOC argued against any broad reopening of discovery, given the extensive discovery that already had been taken, including its responses to 89 requests for production, 25 interrogatories, 100 requests for admission, and a deposition by written question, as well as depositions of 53 witnesses. In addition, VDOC already voluntarily produced documents after the close of discovery that reflected policy changes and had agreed to produce certain additional documents.

The Court Order granted Plaintiffs leave to pursue ***limited*** supplemental discovery. Specifically, the Court authorized Plaintiffs to serve one Rule 30(b)(6) deposition notice (along with written discovery), but expressly limited that supplemental discovery to "any material changes in the subject Step-Down Program and its policies, practices, and conditions of confinement." ECF No. 524 at 2.

Notwithstanding the Court Order's express limitations, Plaintiffs' Notice seeks testimony on topics that extend far beyond its scope. Although portions of certain topics address matters that VDOC does not dispute fall within the Court-authorized limitation of "material changes in the subject Step-Down Program and its policies, practices, and conditions of confinement," other portions go further, seeking testimony on subjects not permitted by the Court Order.

Specifically, Topic No. 1 goes beyond changes in Step-Down Program policies, practices, and conditions of confinement by seeking testimony regarding "the development and use of the

Safety Agreement in response to multiple incidents of self-inflicted burns." Exhibit 1 at 4. Topic No. 3 seeks testimony regarding "changes in the training provided to VDOC personnel who are responsible for supervising or implementing the Step-Down Program." And Topic No. 4 seeks testimony regarding "[t]he underlying scientific basis for, and motivation or purpose behind," the changes identified in Topics Nos. 1 through 3. These topics seek information outside the scope of the supplemental discovery authorized by the Court because they do not concern material changes in the Step-Down Program and its policies, practices, and conditions of confinement.

## LEGAL STANDARD

The Court has broad discretion in managing discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Under Fed. R. Civ. P. 26(c)(1), a trial court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." The trial court has broad discretion to decide when a protective order may be appropriate. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). *See also Socol v. Haas*, No. 3:18-CV-00090, 2021 WL 2635847, at *9 (W.D. Va. June 25, 2021) (granting in part a motion for a protective order limiting the topics of a Rule 30(b)(6) deposition); *Beach v. Costco Wholesale Corp.*, No. 5:18-CV-00092, 2019 WL 1495296, at *4 (W.D. Va. Apr. 4, 2019) (same).

## ARGUMENT

Three topics in the Notice exceed the Court's limitation on the scope of supplemental discovery. It will take VDOC significant time and expense to prepare a witness to testify on those topics, improperly placing an undue burden on VDOC at the same time that it is preparing for a three-week trial. Good cause exists for the entry of a protective order limiting the deposition to the topics expressly permitted by the Court Order.

**Topic No. 1**

VDOC does not oppose preparing a witness to testify about the majority of Topic No. 1: "[a]ny material changes to the conditions of confinement for people in the Step-Down Program (Level S and Level 6 phases) from March 1, 2023 to the present, whether according to policy or in practice," including to the extent "material changes" were made to "security protocols; mandatory minimum periods of confinement in the Program; time out of cell; available programming; the conditions under which programming is provided; opportunities for congregate activities and interaction with other prisoners; opportunities for and access to opportunities for employment; available mental health services and the policies and practices related to mental health screenings, assessments and treatment; . . . and privileges at each level of the program." That portion of Topic No. 1 falls squarely within the scope of supplemental discovery allowed by the Order.

However, Topic No. 1 also directs VDOC to prepare a witness to testify about "the development and use of the Safety Agreement in response to multiple incidents of self-inflicted burns[.]" The Safety Agreement does not represent a "material change[] in the subject Step-Down Program and its policies, practices, and conditions of confinement." ECF No. 524 at 2. Red Onion State Prison (ROSP) leadership created the Safety Agreement in response to specific incidents of inmates using their cell's electrical outlets to inflict burns on themselves, ECF No. 493-1 at ¶¶ 11–13, not to meet the Step-Down Program goals. As Defendants acknowledged during the meet and confer process on Plaintiffs' requests for production, the Safety Agreement did result in changes to the Step-Down Program conditions of confinement because of the incentives and consequences of violations of the Safety Agreement. And VDOC does not object to preparing a witness to testify about those changes in the conditions of confinement. But those changes do not convert the Safety

Agreement itself into a material change to the Step-Down Program. Moreover, even if the Safety Agreement were a "material change" to the Step-Down Program, its "development" is not. That portion of Topic No. 1, alone, exceeds the scope of the Court's Order.

The Parties previously litigated the use of the Safety Agreement in this action, and its development sufficiently was detailed in the briefing of that argument. ECF No. 493 at 1-4. Preparing a representative to further testify about the Safety Agreement's development and use would take a significant amount of time, requiring a witness to understand the Agreement's history, development, and use. That burden is particularly inappropriate given that VDOC already has consented not to use any of the statements on a signed Safety Agreement as a party admission in this litigation. ECF No. 493 at 1. Accordingly, the Court should enter a protective order precluding Plaintiffs from questioning VDOC's 30(b)(6) designee(s) about the Safety Agreement other than as to its effects on the conditions of confinement in the Step-Down Program.

**Topic No. 3**

Topic No. 3 addresses "changes in the training provided to VDOC personnel who are responsible for supervising or implementing the Step-Down Program[.]" But changes in training are not a "material change[] in the subject Step-Down Program and its policies, practices, and conditions of confinement." ECF No. 524 at 2.

Moreover, VDOC personnel who are responsible for supervising or implementing the Step-Down Program receive training that far exceeds training needed for implementation of the Step-Down Program. Rather, those VDOC personnel are required to receive some of the same training received by other VDOC personnel who are not at all involved in the Step-Down Program. For example, all VDOC personnel must participate in training on fire and emergency procedures, interpersonal relations, report writing, communication skills, and sexual harassment. *See* Op. Proc.

350.2 (attached as Exhibit 2) at 9. All security staff receive additional trainings, including about key control, cultural awareness, sexual abuse/assault interventions, and cross gender frisk searches and searches of transgender and intersex inmate/probationer/parole. *Id.* at 11.

Thus, by asking for testimony about "changes in training" provided to individuals involved in the Step-Down Program, Plaintiffs seek information that far exceeds the Order's scope. And preparing a representative to testify as to any changes in any number of trainings provided to VDOC personnel would place an excessive burden on VDOC. The Court should enter a protective order precluding Plaintiffs from questioning VDOC's 30(b)(6) designee(s) about Topic No. 3 to the extent that the training does not involve material changes to the Step-Down Program.

**Topic No. 4**

By its plain terms, Topic No. 4 does not address itself to "material changes in the subject Step-Down Program and its policies, practices, and conditions of confinement." ECF No. 524 at 2. Additionally, Topic No. 4 is derivative of Topic Nos. 1 and 3 and, thus, is improper to the extent it seeks testimony concerning subjects that themselves exceed the scope of the Court Order, as explained above.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion for a protective order and limit the scope of Plaintiffs' Rule 30(b)(6) deposition to the matters expressly permitted by the Court Order.

Dated:  May 4, 2026

Respectfully,

VIRGINIA DEPARTMENT OF
CORRECTIONS

By:    /s/ Maya M. Eckstein
D. Patricia Wallace, AAG, (VSB #92964)
Criminal Justice & Public Safety Division
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
(804) 225-2206
(804) 786-4239 (Fax)
pwallace@oag.state.va.us

Maya M. Eckstein (VSB #41413)
Thomas R. Waskom (VSB #68761)
Trevor S. Cox (VSB #78396)
R. Dennis Fairbanks (VSB #90435)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
(804) 788-8200
(804) 788-8218 (Fax)
meckstein@hunton.com
dfairbanks@hunton.com

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Federal Rule of Procedure 26(c)(1), VDOC has in good

faith conferred with Plaintiffs in an effort to resolve the dispute without court action.

By:   */s/ Maya M. Eckstein*
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 4, 2026, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will send a notification of such filing to all CM/ECF

participants.

By:    */s/ Maya M. Eckstein*
Maya M. Eckstein (VSB # 41413)
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
meckstein@HuntonAK.com

*Counsel for Defendants*