CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

May 14, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Robin Bordwine
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

WILLIAM THORPE, et al.,

    *Plaintiffs*,

    v.

VIRGINIA DEPARTMENT OF
CORRECTIONS, et al.,

    *Defendants*.

Civil Case No. 2:20-cv-00007-JPJ-PMS

## MEMORANDUM ORDER

This matter is before the court on the Plaintiffs' Motion To Compel Production Of Documents, (Docket Item No. 529) ("Motion To Compel"), and Defendant Virginia Department Of Corrections' Motion For A Protective Order Governing Rule 30(b)(6) Deposition, (Docket Item No. 534) ("Motion For Protective Order") (collectively, "Motions"). Based on the arguments and representations contained in the Motions and the parties' responses, the Motions are **GRANTED in part and DENIED in part**.

This class action is set for bench trial on October 5 through October 23, 2026. Several scheduling orders have been entered in the case to date. By Amended Scheduling Order entered August 2, 2022, the court set the deadline for the completion of nonexpert fact discovery at February 28, 2023, and the deadline for completion of expert discovery at June 16, 2023. (Docket Item No. 189.) By Order entered on February 7, 2023, the court amended the Amended Scheduling Order to extend the deadline to complete fact discovery depositions to April 14, 2023, and the deadline to complete expert discovery at August 4, 2023. (Docket

-1-

Item No. 262.) By Order entered June 9, 2023, the undersigned extended the deadline to complete expert discovery to August 16, 2023. (Docket Item No. 328.)

By Order entered March 4, 2026, the court allowed plaintiffs to serve "one Rule 30(b)(6) deposition notice limited to any *material* changes in the subject Step-Down Program and its policies, practices, and conditions of confinement." (Docket Item No. 524) (emphasis added). This Order also allowed not more than 10 requests for production and 10 interrogatories to be served. Pursuant to this Order, the plaintiffs served Plaintiffs' Sixth Set of Requests to Defendants for Production of Documents, ("Plaintiffs' Sixth Requests").[1] Included in Plaintiffs' Sixth Requests were the following requests, to which the plaintiffs are moving to compel the defendants' responses:

> **REQUEST FOR PRODUCTION NO. 2:** All documents and communications related to VDOC's preparation for and participation in the Virginia House of Delegates' Public Safety Committee Meeting on December 16, 2024, including but not limited to:
> - (a) any slide presentation(s) used at the hearing and drafts thereof;
> - (b) all drafts and notes used, relied on, or prepared for VDOC officials to use to provide oral remarks at the hearing;
> - (c) communications with legislators or their staff regarding the hearing;
> - (d) communications and documents prepared in response to legislators' questions or requests; and
> - (e) all emails and messages to, from, or among VDOC officials and staff related to the hearing.
>
> **REQUEST FOR PRODUCTION NO. 3:** All documents and communications related to the Safety Agreement presented to people

---

[1] The Plaintiffs' Sixth Requests have not been provided to the court. The particular requests at issue regarding the Motion To Compel and the Motion For Protective Order are outlined in these motions.

in the Step-Down Program in or around January 2025, including but not limited to:

  (a) documents and communications related to the development of and the motivation and basis for the Safety Agreement;
  (b) drafts of the Safety Agreement;
  (c) signed Safety Agreements;
  (d) documents and communications regarding decisions to cut or turn off power to the cell outlets of people who refused to sign the Safety Agreement;
  (e) documents and communications regarding decisions to restore power to the cell outlets of people who refused to sign the Safety Agreement;
  (f) documents and communications regarding any incentives provided under the Safety Agreement;
  (g) documents and communications regarding any other consequences or conditions imposed on people who refused to sign the Safety Agreement;
  (h) documents and communications regarding reviews and renewals of the Safety Agreement; and
  (i) any written complaints, regular grievances, and grievance appeals related to the Safety Agreement (to the extent not produced in the updated grievance spreadsheet).

**REQUEST FOR PRODUCTION NO. 4:** Documents and communications regarding incidents from March 1, 2023 to the present of self-injurious behavior, suicide attempts, or completed suicides by people in the Step-Down Program, including but not limited to:

  (a) incidents in which individuals in the Step-Down Program used their cell outlets to set themselves of fire or otherwise inflict burns on themselves;
  (b) communications with the Office of the Corrections Ombudsman regarding any such incidents; and
  (c) any documents received from or provided to the Office of the Corrections Ombudsman related to such incidents.
  …

**REQUEST FOR PRODUCTION NO. 6:** All documents reflecting all periods of time from March 1, 2023 to the present that any unit in which people in the Step-Down Program were housed was

-3-

placed on lockdown or modified lockdown, in whole or in part, for any reason.

(Docket Item No. 530-1 at 6-10.)

In addition to opposing the Motion To Compel, the defendants have filed the Motion For Protective Order, objecting to several of the topics attached to the plaintiffs' Notice of 30(b)(6) Deposition of Defendant Virginia Department Of Corrections. (Docket Item No. 534-1.) In particular, the defendant Virginia Department of Corrections, ("VDOC"), objects to producing a witness to be deposed on the following topics:

> 1.  … [T]he development and use of the Safety Agreement in response to multiple incidents of self-inflicted burns…
> …
> 3.  Any changes in the training provided to VDOC personnel who are responsible for supervising or implementing the Step-Down Program from March 1, 2023 to the present.
> 4.  The underlying scientific basis for, and motivation or purpose behind, each change identified related to Topics (1)-(3).

(Docket Item No. 534-1 at 5-6.)

The court's decision on the Motions turns, in part, on the wording and interpretation of the court's March 4, 2026, Order, which allowed additional discovery "limited to any *material* changes in the subject Step-Down Program and its policies, practices, and conditions of confinement." (Docket Item No. 524) (emphasis added). The American Heritage Dictionary of the English Language New College Edition defines "material," when used as an adjective, as

-4-

"substantial." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 806 (William Morris, ed., New College Edition 1981). Webster's II New College Dictionary also defines "material," when used as an adjective, as "substantial." WEBSTER'S II NEW COLLEGE DICTIONARY 675, (Margery S. Berube, et al. eds., 2001). Therefore, based on the wording of the March 4, 2026, Order, not all changes in the Step-Down Program were intended to be the subject of further discovery. The Order also states that the additional discovery is allowed with regard to material changes in the practices and conditions of confinement in addition to the policies of the Step-Down Program.

Based on this reasoning, the Motions are **GRANTED in part and DENIED** in part, and it is **ORDERED** as follows:

1.  The Motion To Compel is **GRANTED** insofar as the VDOC shall respond to Request for Production Nos. 3 and 6 based on the court's finding that these discovery requests seek information concerning a material change in the Step-Down Program's practices and conditions of confinement. The Motion To Compel is, otherwise, **DENIED** because the remaining discovery requests either do not seek information concerning material changes in the Step-Down Program or the plaintiffs have not persuaded the undersigned that they seek information concerning material changes in the Step-Down Program. Defense counsel shall provide the documents responsive to these requests to plaintiffs' counsel prior to the additional Rule 30(b)(6) deposition; and

2.  The Motion For Protective Order is **GRANTED** insofar as the

VDOC is not required to produce a witness to testify as to Topic Nos. 3 and 4 based on the court's finding that these topics do not address material changes in the Step-Down Program. The Motion For Protective Order is **DENIED** as to Topic No. 1 based on the court's finding that the development and use of the Safety Agreements resulted in a material change in the practices and conditions of confinement of the Step-Down Program.

The Clerk's Office shall provide a copy of this Memorandum Order to all counsel of record.

**ENTERED:**        May 14, 2026.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE